1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  | LMAR LAY, Individually and for Others Similarly Situated,
|  Case No. _____

10 |
|  ORIGINAL

11 |        Plaintiff,
|  CLASS AND COLLECTIVE ACTION COMPLAINT

12 | v.
|

13 | BETACOM HOLDINGS, INC., a Washington for-profit corporation and BETACOM INCORPORATED, a Florida for-profit corporation,
|  Jury Trial Demanded

14 |
|

15 |
|  FLSA Collective Action Rule 23 Class Action

16 |        Defendants.
|

17

18          ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT

19                              SUMMARY

20          1.      LMar Lay (Lay) brings this collective and class action to recover unpaid wages and

21  other damages from Betacom Holdings, Inc. (Betacom Holdings) and Betacom Incorporated

22  (Betacom Inc.) (collectively Betacom or the Betacom entities).

23          2.      Betacom Holdings, Inc. and Betacom Incorporated as a single, unified enterprise,

24  employed Lay as one of its Hourly Workers (defined below).

25          3.      Betacom Holdings, Inc. and Betacom Incorporated as a single, unified enterprise

26  pays its Hourly Employees (like Lay) on an hourly basis.

27

ORIGINAL COMPLAINT - 1

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

4.     Lay and the other Hourly Employees regularly work more than 40 hours a workweek.

5.     But Betacom Holdings, Inc. and Betacom Incorporated as a single, unified enterprise does not pay Lay and the other Hourly Employees for all their hours worked.

6.     Instead, Betacom Holdings, Inc. and Betacom Incorporated as a single, unified enterprise requires its Hourly Employees to "clock out" for 30 minutes a day to record they took a meal break, regardless of whether they actually received a *bona fide*, uninterrupted meal break (Betacom's "meal deduction policy").

7.     Thus, Betacom Holdings, Inc. and Betacom Incorporated as a single, unified enterprise does not pay its Hourly Employees for that time.

8.     But Lay and the other Hourly Employees do not actually receive *bona fide* meal breaks.

9.     Instead, Betacom Holdings, Inc. and Betacom Incorporated as a single, unified enterprise requires its Hourly Employees to remain on-duty and perform their regular job duties throughout their shifts (including during their so-called "meal breaks"), and Betacom continuously subjects them to work interruptions during their attempted "meal breaks."

10.    Betacom's meal deduction policy violates the Fair Labor Standards Act (FLSA) by depriving Lay and the other Hourly Employees of overtime wages for all overtime hours worked.

11.    In addition to failing to pay its Hourly Employees for all their hours worked, including overtime hours, Betacom Holdings, Inc. and Betacom Incorporated as a single, unified enterprise also fails to pay them overtime at the proper premium rate.

12.    Instead, Betacom Holdings, Inc. and Betacom Incorporated as a single, unified enterprise uniformly pays Lay and its other Hourly Employees per diems that Betacom intentionally excludes when calculating these employees' regular rates of pay for overtime purposes (Betacom's "per diem pay scheme").

13.    Betacom's uniform per diem pay scheme violates the FLSA and Massachusetts Wage and Hour Law (MWHL) by depriving Lay and the other Hourly Employees of overtime pay at rates

ORIGINAL COMPLAINT - 2

1  not less than 1.5 times their regular rates of pay—based on *all* remuneration received—for hours
2  worked in excess of 40 a workweek.

3  JURISDICTION & VENUE

4  14.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331
5  because this case involves a federal question under the FLSA, 29 U.S.C. § 216(b).

6  15.    The Court also has supplemental jurisdiction over the state-law claims because these
7  claims arise from a common nucleus of operative facts. *See* 28 U.S.C. § 1367.

8  16.    This Court has general personal jurisdiction over Betacom Holdings, Inc. because it
9  is a domestic corporation registered to do business in Washington.

10  17.    This Court has specific personal jurisdiction over Betacom Incorporated based on
11  its substantial contacts with, and conduct directed toward Washington, as a single, unified enterprise
12  with Betacom Holdings, Inc.

13  18.    Venue is proper because Betacom Holdings, Inc. is headquartered in Bellevue,
14  Washington, which is in this District and Division. *See* 28 U.S.C. § 1391(b)(1).

15  PARTIES

16  19.    From approximately March 2022 until November 2022, Betacom Holdings, Inc. and
17  Betacom Incorporated as a single, unified enterprise employed Lay as a Tower Technician in
18  Massachusetts, Maine, Connecticut, and New Hampshire.

19  20.    Throughout his employment, Betacom subjected Lay to its illegal meal deduction
20  policy, requiring him to "clock out" for 30 minutes a day for so-called "meal breaks," regardless of
21  whether he actually received a *bona fide* meal break.

22  21.    But Lay did not actually receive *bona fide* meal breaks.

23  22.    And, throughout his employment, Betacom subjected Lay to its illegal per diem pay
24  scheme, paying him per diems that Betacom excluded from his regular rate of pay for overtime
25  purposes.

26  23.    Lay's written consent is attached as Exhibit 1.

27

ORIGINAL COMPLAINT - 3

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

24.    Lay brings this collective action on behalf of himself and other similarly situated hourly Betacom employees who were subject to Betacom's (1) meal deduction policy and/or (2) per diem pay scheme.

25.    Betacom Holdings, Inc. and Betacom Incorporated as a single, unified enterprise requires these Hourly Employees to "clock out" for 30 minutes a day for so-called "meal breaks."

26.    But they do not actually receive *bona fide* meal breaks.

27.    Betacom Holdings, Inc. and Betacom Incorporated as a single, unified enterprise also pays these Hourly Employees per diems.

28.    Betacom Holdings, Inc. and Betacom Incorporated as a single, unified enterprise knows these per diems should be, but are not, included in the Hourly Employees' regular rates of pay for overtime purposes.

29.    Thus, Betacom Holdings, Inc. and Betacom Incorporated as a single, unified enterprise uniformly deprives these employees of overtime wages at rates not less than 1.5 times their regular rates of pay—based on *all* remuneration received—for hours worked after 40 in a week in violation of the FLSA and MWHL.

30.    The FLSA Collective of similarly situated employees is defined as:

All hourly employees of the Betacom Entities who were subject to their (1) meal deduction policy and/or (2) per diem pay scheme at any time in the past 3 years ("FLSA Collective Members").

31.    Lay also seeks to represent such a class under the MWHL pursuant to FED. R. CIV. P. 23.

32.    The Massachusetts Class of similarly situated employees is defined as:

All hourly employees of the Betacom Entities who were subject to their (1) meal deduction policy and/or (2) per diem pay scheme, while working in Massachusetts, at any time during the past 3 years ("Massachusetts Class Members").

ORIGINAL COMPLAINT - 4

33.     The FLSA Collective Members and the Massachusetts Class Members are collectively referred to as the "Hourly Employees."

34.     Betacom Holdings, Inc. is a domestic for-profit corporation headquartered in Bellevue, Washington.

35.     Betacom Holdings, Inc. may be served through its registered agent: Patrick McGowan, 11120 NE 2nd St, Ste 100, Bellevue, WA 98004-5854.

36.     Betacom Incorporated is a Florida for-profit corporation with its principal place of business listed in Thonotosassa, Florida and registered to do business in Washington.

37.     Betacom Incorporated may be served through its registered agent: C T Corporation System, 711 Capitol Way S, Ste 204, Olympia, WA 98501.

FLSA COVERAGE

38.     At all relevant times, Betacom Holdings, Inc. and Betacom Incorporated were an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

39.     At all relevant times, Betacom Holdings, Inc. and Betacom Incorporated were a single "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

40.     At all relevant times, Betacom Holdings, Inc. and Betacom Incorporated were a single "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had engaged in commerce or the production of commerce of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, tools, hardhats, and personal protective equipment—that have been moved in or produced for commerce.

41.     At all relevant times, Betacom Holdings, Inc. and Betacom Incorporated have had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

42.     At all relevant times, the Hourly Employees (like Lay) were Betacom Holdings, Inc. and Betacom Incorporated's "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

43.     At all relevant times, Lay and the other Hourly Employees were engaged in commerce or in the production of goods for commerce.

44.     Betacom Holdings, Inc. and Betacom Incorporated, as a single enterprise, uniformly required its Hourly Employees to "clock out" and record they received a "meal break," regardless of whether they actually received a *bona fide* meal break.

45.     As a result, Betacom Holdings, Inc. and Betacom Incorporated, as a single, unified enterprise, failed to pay Lay and its other Hourly Employees wages (including overtime wages) for the compensable work they performed during their unpaid "meal breaks."

46.     Betacom's uniform meal deduction policy therefore violates the FLSA. 29 U.S.C. § 207(a) & (e).

47.     Betacom Holdings, Inc. and Betacom Incorporated, as a single, unified enterprise, also uniformly paid its Hourly Employees per diems that it excluded from their regular rates of pay for overtime purposes.

48.     As a result, Betacom failed to pay Lay and its other Hourly Employees at least 1.5 times their regular rates of pay—based on *all* remuneration received—for hours worked in excess of 40 in a week.

49.     Betacom's per diem pay scheme therefore violates the FLSA. 29 U.S.C. § 207(a) & (e).

FACTS

50.     Betacom Incorporated and Betacom Holdings, Inc. are affiliated entities.

51.     Betacom Incorporated and Betacom Holdings, Inc. share common ownership and management.

52.     Betacom Holdings, Inc. and Betacom Incorporated's common ownership, officers, directors, and management maintain the right to control each entity.

53.     Betacom Incorporated is a wholly owned subsidiary of Betacom Holdings, Inc.

54.     Betacom Holdings, Inc. is headquartered in Bellevue, Washington and shares this office with Betacom Incorporated.

ORIGINAL COMPLAINT - 6

55.    The entities' common ownership, officers, directors, and management utilize Bellevue, Washington as their primary workplace.

56.    The Betacom.com website lists only 155 108th Avenue NE, Suite 220, Bellevue, WA 98004 as the principal address of Betacom.[1]

57.    And Betacom itself lists only Bellevue, Washington as its headquarters.[2]

58.    Betacom Incorporated and Betacom Holdings, Inc. engage in activities that serve common business purposes to each entity.

59.    That is, Betacom Incorporated and Betacom Holdings, Inc., together, operate as a single, unified, telecommunication infrastructure services company.

60.    Together, as a single, unified enterprise, Betacom Incorporated and Betacom Holdings, Inc. is "[a] telecommunications construction company" with "deep roots and experience in wireless infrastructure [which] allow [it] to provide the full range of solutions [it] offer[s] today."[3]

61.    To meet their unified business objectives, Betacom hires workers, like Lay and the other Hourly Employees, who build, install, service, and maintain 5G equipment on telecommunication towers for its clients.

62.    Betacom uniformly classifies its Hourly Employees (like Lay) as non-exempt and pays them on an hourly basis.

63.    While exact job titles and precise job duties may differ, Lay and the other Hourly Employees are all subject to Betacom's same or similar illegal policies—its meal deduction policy and per diem pay scheme—for similar work.

64.    For example, Betacom employed Lay as a Tower Technician in Massachusetts, Maine, Connecticut, and New Hampshire from approximately March 2022 until November 2022.

---

[1] https://www.betacom.com/ (last visited July 19, 2024).
[2] *See, e.g.,* https://www.betacom.com/news/betacom-recognized-for-5g-innovation/ (last visited July 19, 2024).

[3] https://www.betacom.com/about-betacom/ (last visited July 19, 2024).

ORIGINAL COMPLAINT - 7

65.     As a Tower Technician, Lay's primary job duties included climbing telecommunication towers to construct, install, maintain, service, and repair 5G components, such as radios and antennas, for Betacom's clients, in accordance with Betacom's uniform policies, procedures, and protocols.

66.     Lay was Betacom's hourly employee.

67.     Specifically, Betacom agreed to pay Lay approximately $28 an hour.

68.     Lay reported his "on the clock" hours worked to Betacom through its uniform timeclock system.

69.     Betacom's records reflect the hours Lay worked each week "on the clock."

70.     Throughout his employment, Lay typically worked 10-12 hours a workday for 5-6 days a week (50 to 72 hours a workweek) "on the clock."

71.     But Betacom did not pay Lay for all his hours worked.

72.     Instead, Betacom subjected Lay to its uniform, illegal meal deduction policy and required him to work "off the clock" during his so-called "meal breaks."

73.     Specifically, Betacom required Lay to clock out for 30 minutes a day for so-called "meal breaks."

74.     Betacom required Lay to clock out for this time regardless of whether he actually received a *bona fide* meal break.

75.     But Lay did not actually receive *bona fide* meal breaks.

76.     Instead, Lay was forced to perform his regular job duties throughout his shifts (including during his so-called "meal breaks").

77.     Working suspended hundreds of feet in the air, attached to telecommunication towers is not conducive to taking *bona fide* meal breaks.

78.     And Betacom continuously subjected Lay to work interruptions during any attempted meal breaks.

79.     Thus, Betacom failed to provide Lay with *bona fide*, duty-free meal breaks.

80.     But Betacom did not pay Lay for his so-called "meal breaks."

ORIGINAL COMPLAINT - 8

81.    As a result, Betacom failed to pay Lay overtime wages for all hours worked over 40 in a workweek (including those worked "off the clock" during his on-duty "meal breaks") in violation of the FLSA and MWHL.

82.    And, throughout his employment, Betacom paid Lay according to its uniform, illegal per diem pay scheme.

83.    Specifically, Betacom paid Lay per diems of approximately $50 a day that it knew should have been, but were not, included in Lay's regular rate of pay for overtime purposes.

84.    As a result, Betacom failed to pay Lay overtime at a rate not less than 1.5 times his regular rate of pay—based on *all* remuneration received—for his hours worked over 40 in a week in violation of the FLSA and MWHL.

85.    Lay and the other Hourly Employees perform their jobs under Betacom's supervision and use the materials, equipment, and technology Betacom approves and supplies.

86.    Betacom requires Lay and its other Hourly Employees to abide by common work, time, pay, meal break, and overtime policies and procedures in the performance of their jobs.

87.    Each pay period, Betacom pays Lay, and the other Hourly Employees based on common systems and methods Betacom selects and controls.

88.    Like Lay, the other Hourly Employees are Betacom's hourly employees.

89.    Betacom requires its Hourly Employees to record their "on the clock" hours worked using Betacom's uniform timeclock system.

90.    Thus, Betacom has records of the number of hours its Hourly Employees worked "on the clock" each week.

91.    Like Lay, the other Hourly Employees typically work 10 to 12 hours a workday for 5-6 days a workweek (50 to 72 hours a workweek) "on the clock."

92.    But just as with Lay, Betacom fails to pay its other Hourly Employees for all their hours worked.

93.    Instead, Betacom subjects all its Hourly Employees to the same illegal meal deduction policy it imposed on Lay and requires them to work "off the clock."

ORIGINAL COMPLAINT - 9

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

94.     Specifically, Betacom requires all its Hourly Employees to "clock out" for 30 minutes a day to record they took a "meal break."

95.     Betacom requires all its Hourly Employees to "clock out" for this time regardless of whether they actually receive a *bona fide* meal break.

96.     Betacom simply assumes its Hourly Employees receive *bona fide* meal breaks each workday.

97.     But, like Lay, the other Hourly Employees do not actually receive *bona fide* meal breaks.

98.     Instead, Betacom requires all its Hourly Employees to remain on-duty throughout their shifts, including during their unpaid "meal breaks."

99.     And, like Lay, Betacom continuously subjects its other Hourly Employees to work interruptions during their unpaid "meal breaks."

100.    Because of these constant work interruptions, the Hourly Employees are not free to engage in personal activities during their unpaid "meal breaks."

101.    In other words, the Hourly Employees are not relieved of all their duties during their unpaid "meal breaks."

102.    Rather, during their unpaid "meal breaks," the Hourly Employees are forced to remain on-duty and perform their regular job duties and responsibilities "off the clock."

103.    Thus, the Hourly Employees (like Lay) routinely spend their unpaid "meal breaks" performing work "off the clock" for Betacom's – not their own – predominant benefit.

104.    This unpaid "off the clock" work time is compensable under the FLSA and the MWHL because Betacom knew, or should have known: (1) Lay and its other Hourly Employees were performing unpaid work during their "meal breaks"; (2) they were interrupted or subject to interruptions with work duties during any attempted meal break; (3) they were not completely relieved of all duties during their unpaid meal breaks; (4) they entirely skipped their meal breaks due to work demands; (5) their unpaid meal breaks were less than 30 consecutive minutes; (6) they were not free to engage in personal activities during their unpaid meal breaks because of constant work

ORIGINAL COMPLAINT - 10

interruptions; (7) they remained on Betacom's premises and/or under Betacom's supervision during their unpaid meal breaks; and/or (8) they spent their unpaid meal breaks performing their regular job duties for Betacom's predominant benefit.

105.    Betacom fails to exercise its duty to ensure its Hourly Employees are not performing work "off the clock" during their unpaid "meal breaks."

106.    And Betacom knows, should know, or recklessly disregards whether its Hourly Employees routinely perform work "off the clock" during their unpaid "meal breaks."

107.    Indeed, Lay and other Hourly Employees complained to their supervisors, HR, and/or Betacom management about being forced to work "off the clock" during their unpaid "meal breaks."

108.    Thus, Betacom requested, suffered, permitted, or allowed its Hourly Employees (like Lay) to work "off the clock" during their unpaid "meal breaks."

109.    Despite accepting the benefits, Betacom does not pay its Hourly Employees (like Lay) for the compensable work they perform "off the clock" during their so-called "meal breaks."

110.    Thus, under its uniform, illegal meal deduction policy, Betacom fails to pay Lay and its other Hourly Employees overtime for all hours worked over 40 in a workweek (including those worked "off the clock" during their on-duty "meal breaks") in violation of the FLSA and MWHL.

111.    Finally, Betacom also subjects all its Hourly Employees to the same illegal per diem pay scheme it imposed on Lay.

112.    Specifically, Betacom pays all its Hourly Employees per diems of approximately $50 a day.

113.    Betacom knows these per diems should be, but are not, included in its Hourly Employees' regular rates of pay for overtime purposes.

114.    As a result, Betacom fails to pay Lay and its other Hourly Employees overtime at a rate not less than 1.5 times their regular rates of pay—based on *all* remuneration received—for hours worked in excess of 40 in a week in violation of the FLSA and MWHL.

ORIGINAL COMPLAINT - 11

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

CLASS AND COLLECTIVE ACTION ALLEGATIONS

115.    Lay incorporates all other paragraphs by reference.

116.    Lay brings his claims as a class and collective action under § 216(b) of the FLSA and FED. R. CIV. P. 23.

117.    Like Lay, the other Hourly Employees are uniformly victimized by Betacom's uniform, illegal meal deduction policy and per diem pay scheme, which is in willful violation of the FLSA and in violation of the MWHL.

118.    Other Hourly Employees worked with Lay and indicated they were paid in the same manner, performed similar work, and were subject to Betacom's same illegal meal deduction policy and per diem pay scheme.

119.    Based on his experience, Lay is aware Betacom's illegal meal deduction policy and per diem pay scheme were imposed on the other Hourly Employees.

120.    The Hourly Employees are similarly situated in the most relevant respects.

121.    Even if their precise job duties and locations might vary, these differences do not matter for the purposes of determining their entitlement to wages, including overtime wages.

122.    The only relevant inquiry is whether the Hourly Employees were subject to Betacom's illegal meal deduction policy and/or per diem pay scheme (which, by definition, they were).

123.    Therefore, the specific job titles or precise job locations of the various Hourly Employees do not prevent collective treatment.

124.    Rather, Betacom's uniform, illegal meal deduction policy and per diem pay scheme render Lay and the other Hourly Employees similarly situated for the purposes of determining their right to wages, including overtime wages.

125.    Betacom's records reflect the number of hours the Hourly Employees worked each workweek "on the clock."

126.    Betacom's records further reflect it required its Hourly Employees to "clock out" for 30 minutes a day for so-called "meal breaks."

ORIGINAL COMPLAINT - 12

127.    Betacom's records also show it paid its Hourly Employees per diems.

128.    And Betacom's records reflect that it excluded the Hourly Employees' per diems from their regular rates of pay for overtime purposes.

129.    The back wages owed to Lay and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

130.    Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Betacom's records, and there is no detraction from the common nucleus of liability facts.

131.    Therefore, the issue of damages does not preclude collective treatment.

132.    Lay's experiences are therefore typical of the experiences of the other Hourly Employees.

133.    Absent a collective and class action, many Hourly Employees will not obtain redress for their injuries, and Betacom will reap the unjust benefits of violating the FLSA and MWHL.

134.    Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

135.    Indeed, the multiplicity of actions would create a hardship to the Hourly Employees, the Court, and Betacom.

136.    Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

137.    The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

138.    Among the common questions of law and fact are:

(a)    Whether Betacom engaged in a policy and practice of requiring its Hourly Employees to "clock out" for 30 minutes a day to record they took a "meal break," regardless of whether they received a *bona fide* meal break;

ORIGINAL COMPLAINT - 13

(b)    Whether Betacom knew, or had reason to know, it requested, suffered, permitted, or allowed its Hourly Employees to work "off the clock" during their unpaid "meal breaks";

(c)    Whether Betacom failed to pay the Hourly Employees overtime wages for all overtime hours worked in violation of the FLSA and MWHL;

(d)    Whether Betacom paid its Hourly Employees per diems that it excluded from their regular rates of pay for overtime purposes;

(e)    Whether Betacom failed to pay its Hourly Employees overtime at rates not less than 1.5 times their regular rates of pay—based on *all* remuneration received—for hours worked after 40 in a week in violation of the FLSA and MWHL;

(f)    Whether Betacom's decision not to pay its Hourly Employees overtime wages for all overtime hours worked was made in good faith;

(g)    Whether Betacom's decision not to pay its Hourly Employees overtime at the proper premium rate was made in good faith; and

(h)    Whether Betacom's violations were willful.

139.    Lay knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

140.    Betacom's illegal meal deduction policy and per diem pay scheme deprived Lay and the other Hourly Employees of overtime wages at the proper premium rate for all hours worked in excess of 40 in a workweek, which they are owed under the FLSA and MWHL.

141.    There are many similarly situated Hourly Employees who have been denied overtime pay in violation of the FLSA and MWHL who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

142.    The similarly situated Hourly Employees are known to Betacom, are readily identifiable, and can be located through Betacom's business and personnel records.

ORIGINAL COMPLAINT - 14

BETACOM'S VIOLATIONS WERE WILLFUL AND/OR DONE
IN RECKLESS DISREGARD OF THE FLSA

143.    Lay incorporates all other paragraphs by reference.

144.    Betacom knew it was subject to the FLSA's overtime provisions.

145.    Betacom knew the FLSA required it to pay non-exempt employees, including the Hourly Employees, overtime at rates not less than 1.5 times their regular rates of pay—based on *all* remuneration received—for all hours worked after 40 in a workweek.

146.    Betacom knew each Hourly Employee worked more than 40 hours in at least one workweek during relevant period(s).

147.    Betacom knew its Hourly Employees were non-exempt employees entitled to overtime.

148.    Betacom knew it paid its Hourly Employees on an hourly basis.

149.    Betacom knew it paid its Hourly Employees per diems.

150.    Betacom knew these per diems constituted part of its Hourly Employees' wages and compensation.

151.    Betacom knew these per diems should have been included in its Hourly Employees' regular rates of pay for overtime purposes.

152.    Nonetheless, Betacom excluded its Hourly Employees' per diems from their regular rates of pay for overtime purposes.

153.    Betacom knew the FLSA requires it to pay its employees, including the Hourly Employees, for all hours they performed compensable work.

154.    Betacom knew it had a duty to ensure its Hourly Employees were not performing work "off the clock" (without pay).

155.    Betacom knew its Hourly Employees did not actually receive *bona fide* meal periods.

156.    Betacom knew its Hourly Employees regularly worked "off the clock" during their unpaid "meal breaks."

ORIGINAL COMPLAINT - 15

157.    Betacom knew its Hourly Employees regularly spent their unpaid "meal breaks" performing their regular job duties "off the clock" for Betacom's predominant benefit.

158.    Thus, Betacom knew it requested, suffered, permitted, or allowed its Hourly Employees to work "off the clock" during their so-called "meal breaks."

159.    In other words, Betacom knew, should have known, or recklessly disregarded whether its Hourly Employees performed compensable work "off the clock" during their so-called "meal breaks."

160.    Nonetheless, Betacom did not pay its Hourly Employees for the compensable work they performed "off the clock" during their "meal breaks."

161.    Betacom knew, should have known, or recklessly disregarded whether its conduct described in this Complaint violated the FLSA.

162.    Indeed, Betacom has been sued previously by employees for imposing its meal deduction policy and failing to pay overtime in violation of the FLSA. *See, e.g., Lehmann, et al. v. Betacom, Inc.,* No. 0:15-cv-61846 (S.D. Fla.).

163.    Betacom knowingly, willfully, and/or in recklessly disregard carried out its illegal employment policies that systematically deprived its Hourly Employees of wages, including premium overtime wages, in violation of the FLSA.

## BETACOM'S VIOLATIONS WERE NOT DONE IN GOOD FAITH

164.    Lay incorporates all other paragraphs by reference.

165.    Betacom did not investigate whether it was required to include its Hourly Employees' per diems in their regular rates of pay for overtime purposes.

166.    Betacom did not seek the advice of counsel regarding excluding its Hourly Employees' per diems from their regular rates of pay for overtime purposes.

167.    Betacom did not receive advice from counsel regarding excluding its Hourly Employees' per diems from their regular rates of pay for overtime purposes.

168.    Betacom did not rely on the advice of counsel in deciding to exclude its Hourly Employees' per diems from their regular rates of pay for overtime purposes.

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

169.    Betacom's decision to exclude its Hourly Employees' per diems from their regular rates of pay for overtime purposes was neither reasonable nor made in good faith.

170.    Betacom's decision not to pay its Hourly Employees overtime wages at the required premium rate was neither reasonable nor made in good faith.

171.    Betacom did not seek the advice of counsel regarding its meal deduction policy.

172.    Betacom did not receive advice from counsel regarding its meal deduction policy.

173.    Betacom did not rely on the advice of counsel in imposing its meal deduction policy on its Hourly Employees.

174.    Betacom knew it failed to provide its Hourly Employees with *bona fide*, duty-free meal breaks.

175.    Betacom knew its Hourly Employees did not actually receive *bona fide*, duty-free meal breaks.

176.    Betacom's decision not to provide its Hourly Employees with *bona fide* meal breaks was neither reasonable nor made in good faith.

177.    Betacom's decision to require its Hourly Employees to "clock out" for 30 minutes a workday to record they took a "meal break" regardless of whether they actually received *a bona fide* meal break was neither reasonable nor made in good faith.

178.    Betacom's decision not to pay its Hourly Employees overtime wages for all overtime hours worked was neither reasonable nor made in good faith.

COUNT I

FAILURE TO PAY OVERTIME UNDER THE FLSA
(FLSA COLLECTIVE MEMBERS)

179.    Lay incorporates all other paragraphs by reference.

180.    Lay brings his FLSA claim as a collective action on behalf of himself and the other Hourly Employees pursuant to 29 U.S.C. § 216(b).

181.    Betacom Holdings, Inc. and Betacom Incorporated as a single, unified enterprise, violated, and is violating, the FLSA by employing non-exempt employees (Lay and the other Hourly

ORIGINAL COMPLAINT - 17

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

Employees) in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay—based on *all* remuneration received—for all their hours worked in excess of 40 in a workweek, including those worked "off the clock" during their unpaid "meal breaks."

182.    Betacom Holdings, Inc. and Betacom Incorporated as a single, unified enterprise's unlawful conduct harmed Lay and the other Hourly Employees by depriving them of the overtime wages they are owed.

183.    Accordingly, Betacom Holdings, Inc. and Betacom Incorporated as a single, unified enterprise, owes Lay and the other Hourly Employees the difference between the wages actually paid and the proper overtime wages earned.

184.    Because Betacom Holdings, Inc. and Betacom Incorporated as a single, unified enterprise knew, or showed reckless disregard for whether, its meal deduction policy and per diem pay scheme violated the FLSA, Betacom owes these wages for at least the past 3 years.

185.    Betacom Holdings, Inc. and Betacom Incorporated as a single, unified enterprise is also liable to Lay and the other Hourly Employees for an additional amount equal to all their unpaid wages as liquidated damages.

186.    Finally, Lay and the other Hourly Employees are entitled to recover all reasonable attorney's fees and costs incurred in this action.

COUNT II
FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL
(MASSACHUSETTS CLASS MEMBERS)

187.    Lay incorporates all other paragraphs by reference.

188.    Lay brings his MWHL claims as a class action on behalf of himself and the other Massachusetts Class Members pursuant to FED. R. CIV. P 23.

189.    At all relevant times, Betacom was a covered "employer" within the meaning of the MWHL. *See* M.G.L. 151 § 2.

190.    The MWHL requires employers, like Betacom, to pay non-exempt employees, including Lay and the other Massachusetts Class Members, overtime wages at rates not less than 1.5

ORIGINAL COMPLAINT - 18

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

1    the employee's regular rate of pay for all hours worked after 40 in a workweek. *See* M.G.L. 151 § 1A.

2        191.    Lay and the other Massachusetts Class Members are entitled to overtime pay under

3    the MWHL.

4        192.    Betacom violated, and is violating, the MWHL by employing non-exempt employees

5    (Lay and the other Massachusetts Class Members) for workweeks longer than 40 hours without

6    paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for

7    the hours they worked after 40 in a workweek. *See* M.G.L. 151 § 1A.

8        193.    Betacom's unlawful conduct harmed Lay and the other Massachusetts Class

9    Members by depriving them of the overtime wages they are owed.

10       194.    Accordingly, Lay and the Massachusetts Class Members are entitled to recover their

11   unpaid overtime wages under the MWHL in an amount equal to 1.5 times their regular rates of pay,

12   plus treble damages, as well as attorney's fees and costs. *See* M.G.L. 151 § 1B.

13                                  JURY DEMAND

14       195.    Lay demands a trial by jury on all Counts.

15                                  RELIEF SOUGHT

16       WHEREFORE, Lay, individually and on behalf of the other Hourly Employees, seeks the

17   following relief:

18       (a)    An Order designating this lawsuit as a collective action and authorizing notice

19              to the Hourly Employees allowing them to join this action by filing a written

20              notice of consent;

21       (b)    An Order designating this lawsuit as a class action pursuant to FED. R. CIV. P.

22              23;

23       (c)    An Order appointing Lay and his counsel to represent the interests of the

24              Hourly Employees;

25       (d)    An Order finding Betacom Holdings, Inc. and Betacom Incorporated as a

26              single, unified enterprise liable to Lay and the other Hourly Employees for all

27              unpaid overtime wages owed under the FLSA, plus liquidated damages in an

ORIGINAL COMPLAINT - 19

1    amount equal to their unpaid wages;

2    (e)    An Order pursuant to the MWHL finding Betacom liable for unpaid

3    overtime wages due to Lay and the Massachusetts Class Members, plus treble

4    damages in an amount equal to two times their unpaid wages;

5    (f)    An Order awarding attorney's fees, costs, and expenses;

6    (g)    A Judgment against Betacom Holdings, Inc. and Betacom Incorporated as a

7    single, unified enterprise awarding Lay and the other Hourly Employees all

8    their unpaid wages, liquidated damages, attorney's fees, costs, expenses, and

9    any other penalties available under the FLSA;

10   (h)    An award of pre- and post-judgment interest on all amounts awarded at the

11   highest rate allowable by law; and

12   (i)    All such other and further relief as may be necessary and appropriate.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

Date:   August 6, 2024                    Respectfully submitted,

FRANK FREED SUBIT & THOMAS, LLP

By: *s/ Michael Subit*
    Michael C. Subit, WSBA #29189
    msubit@frankfreed.com
    705 Second Ave., Suite 1200
    Seattle, Washington 98104
    Telephone:  206.682.6711

JOSEPHSON DUNLAP, LLP

By: *s/ Michael Josephson*
    Michael A. Josephson*
    mjosephson@mybackwages.com
    Andrew W. Dunlap*
    adunlap@mybackwages.com
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    Telephone:  713.352.1100

BRUCKNER BURCH, PLLC

By: *s/ Rex Burch*
    Richard J. (Rex) Burch*
    rburch@brucknerburch.com
    11 Greenway Plaza, Suite 3025
    Houston, Texas 77046
    Telephone: 713.877.8788

ANDERSON ALEXANDER, PLLC

By: *s/ Clif Alexander*
    William C. (Clif) Alexander*
    clif@a2xlaw.com
    Austin W. Anderson*
    austin@a2xlaw.com
    101 N. Shoreline Blvd., Suite 610
    Corpus Christi, Texas 78401
    Telephone: 361.452.1279

*Pro Hac Vice Applications Forthcoming*

ATTORNEYS FOR LAY
& THE HOURLY EMPLOYEES

ORIGINAL COMPLAINT - 21

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100