The Honorable Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LMAR LAY, Individually and for Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BETACOM HOLDINGS, INC., a Washington for-profit corporation, and BETACOM INCORPORATED, a Florida for-profit corporation,<br><br>Defendants. | Case No. 2:24-cv-01195-RSM<br><br>**ANSWER TO ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT** |

Defendants Betacom Holdings, Inc. and Betacom Incorporated (collectively, "Betacom"), by and through their attorney of record, answer the allegations in Plaintiff's Original Class and Collective Action Complaint ("Complaint") as set forth below. To the extent any allegation in Plaintiff's Complaint is not expressly or specifically admitted, it is denied.

1. Defendants admit that Lay purports to bring a collective and class action against Defendants. Defendants deny there is any merit to the claims alleged or that Plaintiff or any collective or class member is entitled to damages, and deny any remaining allegations in Paragraph 1 of the Complaint.

2. Defendants deny the allegations in Paragraph 2 of the Complaint.

3. Defendants deny the allegations in Paragraph 3 of the Complaint.

4. Defendants deny the allegations in Paragraph 4 of the Complaint.

5. Defendants deny the allegations in Paragraph 5 of the Complaint.

6. Defendants deny the allegations in Paragraph 6 of the Complaint.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

9. Defendants deny the allegations in Paragraph 9 of the Complaint.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

## JURISDICTION & VENUE

14. Defendants admit the allegations of Paragraph 14 of the Complaint.

15. Defendants admit subject-matter jurisdiction is appropriate. Defendants deny the remaining allegations of Paragraph 15 of the Complaint.

16. Defendants state this is a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants state this is a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants admit venue is proper. Defendants deny the remaining allegations in Paragraph 18 of the Complaint.

ANSWER TO ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT
(CASE NO. 2:24-CV-01195-RSM) - 2

FOX ROTHSCHILD, LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

**PARTIES**

19. Defendants admit that Defendant Betacom Incorporated employed Plaintiff as a Tower Technician from March 2022 to November 2022. The remaining allegations call for a legal conclusion for which no response is required. To the extent it is required, Defendants deny the remaining allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants state that the document speaks for itself, and on that basis deny the remaining allegations of Paragraph 23 of the Complaint.

24. Defendants admit that Lay purports to bring this action on behalf of himself. Defendants deny any violations and any remaining allegations of Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants admit some of Betacom Incorporated's employees receive per diems. Defendants deny the remaining allegations of Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants state that, regardless of who Plaintiff purports to bring this action on behalf of, there is no basis to certify a collective action, and thus, deny all allegations in Paragraph 30 of the Complaint.

31. Defendants state that, regardless of who Plaintiff purports to bring this action on behalf of, there is no basis to certify a class action, and thus, deny all allegations in Paragraph 31 of the Complaint.

32. Defendants state that, regardless of who Plaintiff purports to bring this action on behalf of, there is no basis to certify a class action, and thus, deny all allegations in Paragraph 32 of the Complaint.

33. Defendants admit Plaintiff refers to the Members as hourly employees. Defendants deny the remaining allegations of Paragraph 33 of the Complaint.

34. Defendants deny the allegations of Paragraph 34 of the Complaint.

35. Defendants admit the allegations of Paragraph 35 of the Complaint.

36. Defendants admit the allegations of Paragraph 36 of the Complaint.

37. Defendants admit the allegations of Paragraph 37 of the Complaint.

### FLSA COVERAGE

38. Defendants state this is a legal conclusion which requires no response. To the extent a response is required, Defendants deny all allegations in Paragraph 38 of the Complaint.

39. Defendants state this is a legal conclusion which requires no response. To the extent a response is required, Defendants deny all allegations in Paragraph 39 of the Complaint.

40. Defendants state this is a legal conclusion which requires no response. To the extent a response is required, Defendants deny all allegations in Paragraph 40 of the Complaint.

41. Defendants state this is a legal conclusion which requires no response. To the extent a response is required, Defendants deny all allegations in Paragraph 41 of the Complaint.

42. Defendants state this is a legal conclusion which requires no response. To the extent a response is required, Defendants deny all allegations in Paragraph 42 of the Complaint.

43. Defendants state this is a legal conclusion which requires no response. To the extent a response is required, Defendants deny all allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

### FACTS

50. Defendants state this is a legal conclusion which requires no response. To the extent a response is required, Defendants deny all allegations in Paragraph 50 of the Complaint.

51. Defendants state this is a legal conclusion which requires no response. To the extent a response is required, Defendants deny all allegations in Paragraph 51 of the Complaint.

52. Defendants state this is a legal conclusion which requires no response. To the extent a response is required, Defendants deny all allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of Plaintiff's Complaint.

54. Defendants deny the allegations in paragraph 54 of Plaintiff's Complaint.

55. Defendants state this is a legal conclusion which requires no response. To the extent a response is required, Defendants deny all allegations in Paragraph 55 of the Complaint.

56. Defendants admit the website lists this address. Defendants deny the remaining allegations of Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of Plaintiff's Complaint.

61. Defendants admit that Betacom Incorporated is Plaintiff's employer. Defendants deny the remaining allegations contained in Paragraph 61 of the Complaint.

62. Defendants admit that Lay is paid on an hourly basis. Defendants deny the remaining allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

ANSWER TO ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT
(CASE NO. 2:24-CV-01195-RSM) - 5

FOX ROTHSCHILD, LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

64. Defendants admit that Defendant Betacom Incorporated employed Lay as a Tower Technician from approximately March 2022 until November 2022. Defendants deny the remaining allegations in Paragraph 64 of the Complaint.

65. Defendants admit that the above are job duties included for Tower Technicians that worked for Defendant Betacom Incorporated. Defendants deny the remaining allegations in Paragraph 65 of the Complaint.

66. Defendants admit Lay was an hourly employee for Defendant Betacom Incorporated. Defendants deny the remaining allegations contained in Paragraph 66 of the Complaint.

67. Defendants admit that Plaintiff's hourly rate of pay for Defendant Betacom Incorporated was $28/hour. Defendants deny the remaining allegations in Paragraph 67 of Plaintiff's Complaint.

68. Defendants admit Lay reported his hours worked to Betacom Incorporated. Defendants deny the remaining allegations contained in paragraph 68 of the Complaint.

69. Defendants admit that Betacom Incorporated's records reflect the hours Lay worked each week. Defendants deny the remaining allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint and specifically deny that Plaintiff ever worked off of the clock.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants admit that Lay received meal breaks. Defendants deny the remaining allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

ANSWER TO ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT
(CASE NO. 2:24-CV-01195-RSM) - 6

Fox Rothschild, LLP
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

77. Defendants deny Plaintiff continuously worked while being suspended hundreds of feet in the air, and therefore, deny the remaining allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants admit Lay was not paid for meal breaks for which Plaintiff clocked out. Defendants deny the remaining allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants admit that Lay and other hourly employees perform their job under Defendant Betacom Incorporated's supervision and use materials, equipment, and technology that Defendant Betacom Incorporated approves and supplies. Defendants deny the remaining allegations in Paragraph 85 of the Complaint.

86. Defendants have policies and procedures that their employees are supposed to follow. Defendants deny the remaining allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants admit that Defendant Betacom Incorporated employed Lay as an hourly employee and has employed other hourly employees. Defendants deny the remaining allegations in Paragraph 88 of the Complaint.

89. Defendants admit Defendant Betacom Incorporated requires its hourly employees to record their hours worked using Defendant Betacom Incorporated's timekeeping system. Defendants deny the remaining allegations contained in Paragraph 89 of the Complaint.

ANSWER TO ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT
(CASE NO. 2:24-CV-01195-RSM) - 7

Fox Rothschild, LLP
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

90. Defendants admit that Betacom Incorporated has records of the number of hours its hourly employees worked each week. Defendants deny the remaining allegations contained in Paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint and specifically deny that any employees worked off of the clock.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Defendants admit that Defendant Betacom Incorporated provides meal breaks. Defendants deny the remaining allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105. Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106. Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107. Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109. Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110. Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111. Defendants deny the allegations contained in Paragraph 111 of the Complaint.

1    112.    Defendants deny the allegations contained in Paragraph 112 of the Complaint.

2    113.    Defendants deny the allegations contained in Paragraph 113 of the Complaint.

3    114.    Defendants deny the allegations contained in Paragraph 114 of the Complaint.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

115.    Defendants incorporate their responses to Paragraphs 1 through 114 of the Complaint as if fully set forth herein.

116.    Defendants state that, regardless of who Plaintiff purports to bring this action on behalf of, there is no basis to certify a collective or class action, and thus, deny all allegations contained in Paragraph 116 of the Complaint.

117.    Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118.    Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119.    Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120.    Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121.    Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122.    Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.    Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124.    Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125.    Defendants admit that Defendant Betacom Incorporated's records reflect the number of hours hourly employees worked each workweek. Defendants deny the remaining allegations of Paragraph 125 of the Complaint.

126.    Defendants admit that Defendant Betacom Incorporated provided meal breaks. Defendants deny the remaining allegations contained in Paragraph 126 of the Complaint.

127.    Defendants admit that Defendant Betacom Incorporated occasionally paid some hourly employees per diems. Defendants deny the remaining allegations in Paragraph 127 of the Complaint.

ANSWER TO ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT
(CASE NO. 2:24-CV-01195-RSM) - 9

Fox Rothschild, LLP
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

128.  Defendants deny they are required to include Defendant Betacom Incorporated's per diem payments in its regular rate calculations.  Defendants are without sufficient knowledge to form a belief as to the remaining allegations, and therefore, deny the remaining allegations of Paragraph 128 of the Complaint.

129.  Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130.  Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.  Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.  Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.  Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134.  Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.  Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136.  Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137.  Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138.  Defendants deny the allegations contained in Paragraphs 138(a) through 138(h) of the Complaint.

139.  Defendants deny the allegations contained in Paragraph 139 of the Complaint.

140.  Defendants deny the allegations contained in Paragraph 140 of the Complaint.

141.  Defendants deny the allegations contained in Paragraph 141 of the Complaint.

142.  Defendants deny the allegations contained in Paragraph 142 of the Complaint.

### BETACOM'S VIOLATIONS WERE WILLFUL AND/OR DONE IN RECKLESS DISREGARD OF THE FLSA

143.  Defendants incorporate their responses to Paragraphs 1 through 142 of the Complaint as if fully set forth herein.

144.  Defendants state this is a legal conclusion which requires no response.  To the extent a response is required, Defendants deny all allegations in Paragraph 144 of the Complaint.

145. Defendants state this is a legal conclusion which requires no response. To the extent a response is required, Defendants deny all allegations in Paragraph 145 of the Complaint.

146. Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147. Defendants admit that non-exempt hourly employees are eligible for overtime if they work over the threshold hours for overtime eligibility. Defendants deny the remaining allegations contained in Paragraph 147 of the Complaint.

148. Defendants admit Defendant Betacom Incorporated paid its hourly employees on an hourly basis. Defendants deny the remaining allegations contained in Paragraph 148 of the Complaint.

149. Defendants admit some of Defendant Betacom Incorporated's employees have received per diems. Defendants deny the remaining allegations of Paragraph 149 of the Complaint.

150. Defendants state this is a legal conclusion which requires no response. To the extent a response is required, Defendants deny all allegations in Paragraph 150 of the Complaint.

151. Defendants deny the allegations contained in Paragraph 151 of the Complaint.

152. Defendants are without sufficient knowledge to form a belief as to allegations contained in Paragraph 152 of the Complaint and therefore deny same.

153. Defendants state this is a legal conclusion which requires no response. To the extent a response is required, Defendants deny all allegations in Paragraph 153 of the Complaint.

154. Defendants state this is a legal conclusion which requires no response. To the extent a response is required, Defendants deny all allegations in Paragraph 154 of the Complaint.

155. Defendants deny the allegations contained in Paragraph 155 of the Complaint.

156. Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157. Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158. Defendants deny the allegations contained in Paragraph 158 of the Complaint.

159. Defendants deny the allegations contained in Paragraph 159 of the Complaint.

ANSWER TO ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT
(CASE NO. 2:24-CV-01195-RSM) - 11

FOX ROTHSCHILD, LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

160. Defendants deny the allegations contained in Paragraph 160 of the Complaint.

161. Defendants deny the allegations contained in Paragraph 161 of the Complaint.

162. Defendants admit Defendant Betacom Inc. was subject to an FLSA lawsuit in the Southern District of Florida when Defendant Betacom Incorporated was under prior ownership. Defendants deny the remaining allegations in Paragraph 162 of the Complaint.

163. Defendants deny the allegations contained in Paragraph 163 of the Complaint.

### BETACOM'S VIOLATIONS WERE NOT DONE IN GOOD FAITH

164. Defendants incorporate their responses to Paragraphs 1 through 163 of the Complaint as if fully set forth herein.

165. Defendants are without sufficient knowledge to form a belief as to this allegation, and therefore, deny the remaining allegations of Paragraph 165 of the Complaint.

166. Defendants are without sufficient knowledge to form a belief as to this allegation, and therefore, deny the remaining allegations of Paragraph 166 of the Complaint.

167. Defendants are without sufficient knowledge to form a belief as to this allegation, and therefore, deny the remaining allegations of Paragraph 167 of the Complaint.

168. Defendants are without sufficient knowledge to form a belief as to this allegation, and therefore, deny the remaining allegations of Paragraph 168 of the Complaint.

169. Defendants deny the allegations contained in Paragraph 169 of the Complaint.

170. Defendants deny they failed to pay their hourly employees overtime wages at the required rate and thus, deny all the allegations contained in Paragraph 170 of the Complaint.

171. Defendants do not have a meal deduction policy, and thus deny all of the allegations in Paragraph 171 of the Complaint.

172. Defendants do not have a meal deduction policy, and thus deny all of the allegations in Paragraph 172 of the Complaint.

173. Defendants do not have a meal deduction policy, and thus deny all of the allegations in Paragraph 173 of the Complaint.

ANSWER TO ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT
(CASE NO. 2:24-CV-01195-RSM) - 12

Fox Rothschild, LLP
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

174. Defendants deny the allegations contained in Paragraph 174 of the Complaint.

175. Defendants deny the allegations contained in Paragraph 175 of the Complaint.

176. Defendants deny the allegations contained in Paragraph 176 of the Complaint.

177. Defendants deny the allegations contained in Paragraph 177 of the Complaint.

178. Defendants deny the allegations contained in Paragraph 178 of the Complaint.

## COUNT I

### FAILURE TO PAY OVERTIME UNDER THE FLSA
### (FLSA COLLECTIVE MEMBERS)

179. Defendants incorporate their responses to Paragraphs 1 through 178 of the Complaint as if fully set forth herein.

180. Defendants admit that Lay purports to bring a collective action against Defendants. Defendants state that, regardless of who Plaintiff purports to bring this action on behalf of, there is no basis to certify a collective action, and thus, deny all allegations in Paragraph 180 of the Complaint.

181. Defendants deny the allegations contained in Paragraph 181 of the Complaint.

182. Defendants deny the allegations contained in Paragraph 182 of the Complaint.

183. Defendants deny the allegations contained in Paragraph 183 of the Complaint.

184. Defendants deny the allegations contained in Paragraph 184 of the Complaint.

185. Defendants deny the allegations contained in Paragraph 185 of the Complaint.

186. Defendants deny the allegations contained in Paragraph 186 of the Complaint.

## COUNT II
### FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL
### (MASSACHUSETTS CLASS MEMBERS)

187. Defendants incorporate their responses to Paragraphs 1 through 186 of the Complaint as if fully set forth herein.

ANSWER TO ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT
(CASE NO. 2:24-CV-01195-RSM) - 13

**FOX ROTHSCHILD, LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

188. Defendants admit that Lay purports to bring a class action against Defendants. Defendants admit that Lay purports to bring a collective action against Defendants. Defendants state that, regardless of who Plaintiff purports to bring this action on behalf of, there is no basis to certify a class action, and thus, deny all allegations in Paragraph 188 of the Complaint.

189. Defendants deny the allegations contained in Paragraph 189 of the Complaint.

190. Defendants state this is a legal conclusion which requires no response. To the extent a response is required, Defendants deny all allegations in Paragraph 190 of the Complaint.

191. Defendants state this is a legal conclusion which requires no response. To the extent a response is required, Defendants deny all allegations in Paragraph 191 of the Complaint.

192. Defendants deny the allegations contained in Paragraph 192 of the Complaint.

193. Defendants deny the allegations contained in Paragraph 193 of the Complaint.

194. Defendants deny the allegations contained in Paragraph 194 of the Complaint.

## **DEFENSES**

In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial. Defendants do not presently know all the facts and circumstances respecting Plaintiff's claims and therefore reserve the right to amend this Answer should Defendants later discover facts demonstrating the existence of additional defenses.

1. Neither the Complaint nor any cause of action set forth in the Complaint states a cause of action against Defendants or facts sufficient to constitute a cause of action against Defendants. On information and belief, the claims of alleged collective/class members fail for the same reason.

2. The Complaint, and each claim therein, is barred, in whole or in part, because Defendant Betacom Holdings, Inc. was not Plaintiff's employer, and is, therefore, not liable for

ANSWER TO ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT
(CASE NO. 2:24-CV-01195-RSM) - 14

Fox Rothschild, LLP
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

any of the claims alleged in Plaintiff's Complaint. On information and belief, the claims of alleged collective/class members fail for the same reason.

3.  Plaintiff's claims are not representative of the claims of the members of the representative group he claims to represent. On information and belief, the claims of putative collective/class members fail for the same reason.

4.  The types of claims alleged by Plaintiff on behalf of himself and the alleged collective/class which he purports to represent, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for class or collective treatment.

5.  The claims of Plaintiff and the alleged putative collective/class are barred to the extent they exceed the statute of limitations under the FLSA, the MWHL or any other applicable statute of limitations.

6.  On belief, Plaintiff and the alleged putative collective/class plaintiffs were paid all compensation to which they were entitled for their services.

7.  To the extent that a court holds that Plaintiff and/or the putative collective/class members are entitled to any damages or restitution, Defendants are entitled to an offset for any overpayments of wages to Plaintiff and/or the putative collective/class members for work never actually performed and expenses never actually incurred, any overpayments of business expenses, or any damages incurred by Defendants as a result of Plaintiff's and/or putative collective/class members' own acts or omissions.

8.  Plaintiff's and/or the putative collective/class members' claims are barred, in whole or in part, pursuant to an accord and satisfaction and/or are barred to the extent that Plaintiff and/or the putative collective/class members entered into or are otherwise bound by compromise, settlement or release agreements regarding those claims.

9.  Defendants allege, based on information and belief, that further investigation and discovery will reveal that the Complaint and each cause of action set forth therein, or some of

ANSWER TO ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT
(CASE NO. 2:24-CV-01195-RSM) - 15

**Fox Rothschild, LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

them, cannot be maintained against Defendants because the alleged losses or harms sustained by Plaintiff and/or any putative collective/class member, if any, resulted from the acts or omissions of Plaintiff and/or the putative collective/class member, and/or contributed to by such acts or omissions, and not the proximate cause of any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants.

10. Plaintiff's and the alleged putative collective/class plaintiffs' claim for liquidated damages under the FLSA is barred because Defendants' actions were in good faith and they had reasonable grounds for believing their actions did not violate the FLSA.

11. Any recovery in this case is limited or capped as defined in the FLSA and MWHL.

12. The certification and trial of this case as a collective/class action would violate Defendants' rights and protections afforded by the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

13. Defendants allege, based on information and belief, that further investigation and discovery will reveal that any damages suffered were the result of failure by Plaintiff and/or the putative collective/class members to comply with the reasonable expectations of Defendants and/or follow Defendants' reasonable instructions and/or policies.

14. Plaintiff cannot satisfy the requirements of a collective action under the FLSA and some or all of the claims asserted in the Complaint are barred because Plaintiff is not similarly situated to the alleged class he purports to represent, the existence of which is expressly denied.

15. Plaintiff's class claim under the MWHL is barred because he cannot satisfy the numerosity requirement.

16. No members of the alleged collective/class which Plaintiff purports to represent, the existence of which is expressly denied, may recover the relief requested in the Complaint because Defendants did not commit any oppressive, willful, wanton, fraudulent or malicious act or authorize or ratify any such act with respect to any alleged collective/class member.

Defendants at all times acted in good faith and with reasonable grounds for believing they had complied with the FLSA and state laws and Plaintiff has failed to plead facts sufficient to support the recovery of such damages on behalf of the alleged collective/class.

17. Prejudgment interest is not recoverable under the FLSA in this case because liquidated damages are sought and awarding such relief would amount to double recovery.

18. The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff lacks standing to pursue the claims for relief in the Complaint on behalf of some or all of the putative class/collective members.

19. Without admitting and specifically denying that Defendants owed a duty to Plaintiff, Defendants assert that Plaintiff's Complaint, and each purported cause of action contained therein, is barred to the extent Defendants did not have actual or constructive knowledge, or had no reason to know, about, any alleged failure to pay wages allegedly suffered by Plaintiff or any other purportedly similarly situated current or former employees. Plaintiff, therefore, did not provide Defendants with an opportunity to correct any alleged violations and then provide the appropriate remedy, if any, to Plaintiff and/or putative collective/class prior to the litigation.

20. Plaintiff's Complaint is barred to the extent that Plaintiff and/or the putative collective/class members cannot allege any facts showing that Defendants, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays the wages, overtime wages or premium wages due an employee, willfully, knowingly and intentionally violated the provisions of FLSA or the MHWL.

21. Defendants deny any wrongdoing on their part and expressly deny that Plaintiff has been damaged as alleged, assert that if Plaintiff or the alleged putative collective/class members worked any unpaid hours, which Defendants expressly deny, such hours worked by Plaintiff and/or the putative collective/class members for which Plaintiff *see*ks restitution were

ANSWER TO ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT
(CASE NO. 2:24-CV-01195-RSM) - 17

FOX ROTHSCHILD, LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

de minimis and do not qualify as compensable hours worked pursuant to the FLSA and/or any other applicable law.

22. To the extent that it *see*ks punitive or exemplary damages, the Complaint violates Defendants' rights to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution and under the Constitution of each State where putative collective/class members reside.

23. Plaintiff unreasonably delayed in the investigation and prosecution of his claims alleged in the Complaint. Such delay is to the detriment and prejudice of the Defendants. Therefore, Plaintiff is barred from recovery against the Defendants by virtue of the doctrine of laches. On information and belief, the claims of alleged collective/class members fail for the same reason.

24. Plaintiff and/or the putative collective/class members have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by the doctrine of unclean hands.

25. Plaintiff and/or the putative collective/class members are estopped by their conduct to assert any cause of action against Defendants.

26. Defendants reserve the right to assert any additional affirmative defenses that may be discovered during the course of additional investigation and discovery, which is ongoing.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered and responded to the allegations contained in Plaintiff's Complaint, Defendants hereby pray as follows:

(a) Determine Plaintiff shall take nothing from his Complaint;

(b) Award Defendants the costs and expenses of this action; and

(c) Award such other and further relief as is equitable and just.

ANSWER TO ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT
(CASE NO. 2:24-CV-01195-RSM) - 18

**FOX ROTHSCHILD, LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

1  DATED this 20th day of September, 2024.

2                                          FOX ROTHSCHILD, LLP

4                                          *s/ James E. Breitenbucher*
                                           James E. Breitenbucher, WSBA #27670
5                                          1001 Fourth Avenue, Suite 4400
                                           Seattle, WA 98154
6                                          Telephone: 206.624.3600
                                           Facsimile: 206.389.1708
7                                          Email: jbreitenbucher@foxrothschild.com


9                                          *s/ Nikki H. Howell*
                                           Nikki H. Howell (*pro hac vice*)
10                                         Nicholas J. Walker (*pro hac pending*)
                                           4900 Main Street, Suite 150
11                                         Kansas City, MO 64112
                                           Telephone:  816.919.7900
12                                         Facsimile:  816.919.7901
                                           Email:  nhowell@foxrothschild.com
13                                                  nwalker@foxrothschild.com

14                                         *Attorneys for Defendants*

ANSWER TO ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT
(CASE NO. 2:24-CV-01195-RSM) - 19

FOX ROTHSCHILD, LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

**CERTIFICATE OF SERVICE**

I certify that I am a secretary at the law firm of Fox Rothschild, LLP in Seattle, Washington. I am a U.S. citizen over the age of eighteen years and not a party to the within cause. On the date shown below, I caused to be served a true and correct copy of the foregoing on counsel of record for all other parties to this action as indicated below:

| **Service List** | |
|---|---|
| Michael C. Subit, WSBA #29189<br>FRANK FREED SUBIT & THOMAS, LLP<br>705 Second Avenue, Suite 1200<br>Seattle, WA 98104<br>Tel: 206.682.6711<br>Email: msubit@frankfreed.com<br><br>Alyssa J. White<br>Andrew W. Dunlap<br>JOSEPHSON DUNLAP, LLP<br>11 Greenway Plaza, Suite 3050<br>Houston, TX 77046<br>Tel: 713.352.1100<br>Email: awhite@mybackwages.com<br>adunlap@mybackwages.com<br><br>*Attorneys for Plaintiff* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via CM/ECF / Email<br>☐ Via over-night delivery |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED this 20th day of September, 2024, in Seattle, Washington.

*/s/ Courtney R. Brooks*
Courtney R. Brooks

ANSWER TO ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT
(CASE NO. 2:24-CV-01195-RSM) - 20

**FOX ROTHSCHILD, LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600