**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| LMAR LAY, Individually and for Others Similarly Situated,<br><br>   Plaintiffs,<br><br> vs.<br><br>BETACOM HOLDINGS, INC. a Washington for-profit corporation, and<br><br>BETACOM INCOPORATED, a Florida for-profit corporation<br><br>   Defendant. | Case No: 2:24-cv-01195-RSM<br><br>**JOINT RULE 26 REPORT** |

Plaintiff LMar Lay, individually and on behalf of all others similarly situated ("Plaintiff" or "Lay"), and Defendants Betacom Holdings Inc. and Betacom Incorporated, ("Defendant" or "Betacom") hereby submit and file their Joint Rule 26 Report.

**1.**   **Nature of the Case.**

**Plaintiff's Statement:**

Lay brings this lawsuit against Defendant as a class and collective action to recover overtime wages and other damages under the Fair Labor Standards Act (FLSA), and Massachusetts Wage and Hour Law (MWHL). Lay alleges that Betacom utilized policies whereby it knowingly subjected Lay and his hourly colleagues to working off the clock without pay. Specifically, Betacom required employees to clock out for a 30-minute period of time during each shift, attributing these 30 minutes to meal periods. However, Lay and his colleagues do not typically receive *bona fide* 30-minute uninterrupted meal periods. These workers are cell tower technicians, who work suspended hundreds of feet in the air attached to telecommunications towers. Their duties are not conducive to taking 30-minute meal breaks, a fact of which Betacom is well aware.

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100

Betacom's pay policies fail to incorporate all remuneration into the overtime rate Betacom pays its hourly employees, in violation of the FLSA and MWHL. Overtime must be paid at 1.5x the employee's regular rate of pay. The regular rate of pay is not just a worker's established hourly rate; it must take into account all remuneration paid to a worker. Here, Betacom excludes per diem payments and certain bonus payments from the regular rate of pay when calculating the overtime pay rate. Lay brings his claims on behalf of himself and the following proposed classes:

FLSA Collective: All hourly Betacom employees who were subject to Betacom's (1) meal period pay scheme and/or (2) per diem pay scheme at any time during the past 3 years;

Massachusetts Class: All hourly Betacom employees who were subject to Betacom's (1) meal period pay scheme and/or (2) per diem pay scheme, while working in Massachusetts, at any time during the past 3 years.

Together, the FLSA Collective and Massachusetts Class Members are the "Hourly Employees" and/or "Putative Class Members." As of the date of filing, one Opt-In Plaintiff has filed a consent to participate in this action. ECF Doc. 10.

**Defendants' Statement**

First and foremost, Defendant Betacom Holdings, Inc. is not an employer of Plaintiff or any putative plaintiffs and should be dismissed. Defendant Betacom Incorporated properly compensated Plaintiff and the putative class members for all hours worked during their employment in compliance with the FLSA and state law.

This case will be complex given the nationwide scope and hybrid nature of the case wherein Plaintiffs seek to represent both a nationwide opt-in FLSA collective and an opt-out Rule 23 class under Massachusetts law. This case should not proceed as a class or collective action because it does not meet the standards for class or collective certification. The individuals that Plaintiff seeks to represent are not similarly situated because they performed different job duties under different management at different locations, and a class cannot be certified because individualized fact-specific inquiries into the day-to-day duties and activities of each person will be required to resolve the merits of each individual's claim.

Joint Rule 26(f) Report

Page 2
164055496.1

**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100

Defendants deny Plaintiff's' allegations and asserts other defenses as detailed in their Answer.

**2.     Deadline for Joinder.**

November 22, 2024

**3.     Deadline to Move for Class Certification.**

Deadline to Move for Conditional Certification (FLSA Collective): January 31, 2025

Deadline to Move for Class Certification Pursuant to Fed. R. Civ. P. 23 (Massachusetts Class): April 4, 2025

**4.     Consent to Magistrate.**

No.

**5.     Discovery Plan**

  **A.  Initial Disclosures**

The Parties will exchange Initial Disclosures on or before November 8, 2024.

  **B.  Scope & Timing of Discovery**

**Plaintiff's Statement**

Plaintiff brings this action as a collective action pursuant to the FLSA, and as a class action pursuant to Fed. R. Civ. P. 23. Plaintiff observes that while discovery as to the FLSA class is not a condition precedent to a ruling on conditional certification, it is a tool to be utilized in the similarly situated analysis. Moreover, class certification discovery as to Plaintiff and the proposed Massachusetts Class is required prior to any motion seeking certification under Fed. R. Civ. P. 23. Plaintiff is entitled to discovery as to his proposed classes prior to seeking certification; it would unduly prejudice Plaintiff to be forced to seek certification without the corresponding discovery to meet his burdens under 216(b) and Fed. R. Civ. P. 23. A non-exhaustive list of the topics on which class discovery is necessary includes: Personnel files of Plaintiffs, payroll records, records reflecting activity/ies completed and hours of work, emails sent to/from the Plaintiffs' Betacom email addresses, text messages sent to/from the Plaintiffs' Betacom-issued

Joint Rule 26(f) Report

Page 3
164055496.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100

phones, Defendant's handbooks and pay/timekeeping policies applicable to Lay and the Hourly Workers. Plaintiff does not believe bifurcation of discovery is necessary or appropriate.

**Defendant's Statement**:

If the parties engage in pre-certification discovery, it should be limited to substantive claims and defenses of the named Plaintiff as well as the legal standards that control whether or not this action should proceed as a class or collective action (which do not include a determination of whether the proposed class claims have merit). Following certification, the Court should enter a separate deadline for all discovery. A non-exhaustive list of the topics in which Defendants plan to seek discovery include e-mails sent to and from Plaintiffs and putative class/collective members' non-work email addresses; texts and calls made on Plaintiff and putative class/collective members cell phones; Plaintiffs social media platforms, Plaintiffs credit cards, Plaintiffs work habits, meal breaks, and work trips (if any). By acknowledging these general subject areas, Defendant is not agreeing to classwide discovery prior to certification for putative class members who have not opted-in which will require further discussion. See Section 8 for proposed deadlines for phased discovery.

### C. ESI

Plaintiff intends to seek the following items in discovery, some of which may be electronically-stored: GPS records, emails, and electronic timekeeping records. Plaintiff intends to seek at least three categories of emails: First, the Plaintiffs' emails with sent or received timestamps (as reflective of time worked); Second, substantive emails addressing complaints as to pay or hours worked, or that otherwise put the company on notice of a potential problem with its pay practices; Third, internal corporate emails regarding the pay practices, timekeeping, meal periods and/or rest periods. Defendants anticipate, among other things, requesting discovery of electronically-stored information from Plaintiff and class/collective members about time spent on personal activities during the workday to assist in defining hours worked, such as personal phone records, text messages, emails, financial transactions, and social media activity. The parties are working on an ESI protocol to use in production of discovery in this matter.

Joint Rule 26(f) Report

Page 4

164055496.1

**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100

### D. Privilege Issues

The parties anticipate they will enter into a Stipulated Protective Order and Non-Waiver Rule 502 "Clawback" agreement. The parties generally agree that privileged communications between attorneys and clients conducted after the commencement of this litigation, and work product created after the commencement of litigation, do not need to be included on privilege logs. Plaintiff contends that the only two exceptions to this agreement should include communications germane to any advice of counsel defense asserted by Defendants, and correspondence relating to any communications Defendants elect to send to the currently-employed Putative Class Members after this action was filed.

### E. Proposed Limitations on Discovery

As noted in Section 5.B. above and Section 8 below, Defendants believe that discovery should be conducted in phases with limitations for pre-certification discovery.

### F. Need for Discovery Orders

Defendants intend to oppose classwide discovery prior to certification for putative class members who have not opted-in.

## 6. Parties' Positions Pursuant to Local Civil Rule 26(f)(1)

### A. Prompt Case Resolution

Plaintiff contends this action is one in which exploration of early resolution would be highly appropriate. Plaintiff proposes that, if the Parties agree to stay the litigation for 60-120 days, toll the operative FLSA limitations period for the same duration, and if Defendant agrees to informally produce the requisite documentation such that Plaintiff can craft a meaningful damage model for the proposed classes, the Parties could mediate this matter within 120 days (and likely sooner). Defendants are not prepared to agree to a stay at this time or toll the operative FLSA limitations period. That said, once more facts about this case are known, Defendants believe ADR to be appropriate.

Joint Rule 26(f) Report

Page 5

164055496.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100

**B. ADR**

Plaintiff reiterates that this action is appropriate for early ADR, and specifically proposes an early mediation of this action with a wage and hour mediator, consistent with LCR 39.1(c). Defendant is open to ADR when more facts about this case are known.

**C. Related Cases**

None at this time.

**D. Discovery Management**

The Parties agree to exchange documents informally when possible. The parties will meet and confer in an attempt to resolve any potential disagreements. The Parties further agree to present discovery disputes to the Court informally in advance of filing a formal Motion to Compel. Plaintiff proposes that, in the event of a discovery dispute, either Party may request an informal discovery conference with the Court by emailing chambers with counsel for all Parties in copy.

Defendant's Position: The parties also agree to e-mail service pursuant to Fed.R.Civ.Proc. 5(b)(2)(E). The following persons should be served for Defendant: Nicholas Walker, Nikki Howell and James Breitenbucher (e-mails as noted in pleadings).

Plaintiff's Position: Plaintiff maintains that formal service should occur via mail pursuant to Fed. R. Civ. P. 5(b)(2)(C).

**E. Anticipated Discovery Sought**

Plaintiff refers the Court to Section V, (A)-(B), *supra*. Plaintiff's requested discovery will focus on items relevant to the similarly situated inquiry (under both the FLSA and Fed. R. Civ. P. 23), as well as to liability and damages. Defendants requested discovery will focus on items relevant to collective/class certification as well as liability and damages.

**F. Phasing Motions**

See Section 8.

**G. Preservation of Discoverable Information**

Based on the information documents identified by Defendants in sections 5(B) and (C), Defendant requests that Plaintiffs' ESI be preserved in its

Joint Rule 26(f) Report

Page 6

164055496.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100

native form in a manner that does not remove or degrade metadata or in a that way hampers Defendants' ability to access, review or use the document in litigation. The parties will make good faith efforts and take reasonable and proportional steps to preserve relevant and responsive discoverable information including ESI.

### H. Privilege Issues

See 4(D) above.

### I. Model Protocol for ESI Discovery

The Parties anticipate entering into an ESI agreement based on this District's Model ESI protocol.

### J. Alternatives to Model ESI Protocol

The Parties reserve the right to modify the Model ESI protocol consistent with the needs of the instant action.

## 7.    Date For Completion of Discovery

**Plaintiff's Statement**

Plaintiff proposes that May 16, 2025, will serve as the close of discovery.

Plaintiff proposes a dispositive motion deadline of July 18, 2025.

**Defendants' Statement**

Defendants propose phased discovery and that the pre-certification discovery deadline be set for January 31, 2025—the proposed date for Plaintiff's motion for conditional certification. Once Plaintiff's certification motion has been ruled upon, the parties should reconvene on a final discovery deadline, decertification, and dispositive motion deadlines.

## 8.    Potential Bifurcation

**Plaintiffs Statement:**

This action is not appropriate for any bifurcation of discovery. After the Court rules on dispositive motions, the Parties anticipate having sufficient information to determine whether bifurcation of liability and damages is appropriate.

Joint Rule 26(f) Report

Page 7
164055496.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100

**Defendants' Statement:**

See Defendants' statement in Section 8.

9. **Pretrial Statements & Order Under Local Civil Rule 16(e), (h), (i), (k), and 16.1**

After the Court rules on dispositive motions, the Parties anticipate having sufficient information to determine whether any aspect of LCR 16 may be dispensed with in the interest of judicial economy without prejudice to either Party.

10. **Suggestions For Shortening/Simplifying the Case**

Plaintiff proposes the Parties stay the litigation, toll the FLSA limitations period, and engage in early mediation.

11. **Trial-Ready Date**

**Plaintiff's Statement:**

September 22, 2025

**Defendants' Statement:**

The trial date should be revisited after certification issues have been decided.

12. **Jury Trial.**

This case will be tried before a jury.

13. **Number of Trial Days:**

**Plaintiffs Statement:**

3 days

**Defendants' Statement**

Three days may be reasonable if it is a single plaintiff lawsuit. If a class or collective is certified, the case will take much longer and will depend upon the size of the class and number of Opt-in Plaintiffs.

14. **Trial Counsel Contact Information**

Trial Counsel's contact information is provided in the undersigned signature blocks, *infra*.

15. **Potential Date Conflicts for Trial**

None known at this time.

Joint Rule 26(f) Report

Page 8

164055496.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100

16. **All counsel have been served.**

17. **Request for Rule 16 Conference.**

To the extent it will be helpful to the Court to talk through any of the Parties' proposals or provisions in this Report, the Parties are glad to attend the same.

18. **Corporate Disclosure Filing Date.**

Defendant filed its corporate disclosure statement on September 23, 2024. ECF Doc. 18.

Date: November 1, 2024                                  Respectfully submitted

*/s/ Alyssa J. White*
Michael A. Josephson*
Andrew W. Dunlap
Alyssa J. White
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
mjosephson@mybackwages.com
adunlap@mybackwages.com
awhite@mybackwages.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
rburch@brucknerburch.com

William C. (Clif) Alexander*
Austin W. Anderson*
Carter T. Hastings*
**ANDERSON ALEXANDER PLLC**
101 N. Shoreline Blvd., Ste. 610
Corpus Christi, Texas 78401
Tel: (361) 452-1279
clif@a2xlaw.com
austin@a2xlaw.com
carter@a2xlaw.com

*/s/ Michael C. Subit*
Michael C. Subit, WSBA # 29189
**FRANK FREED SUBIT & THOMAS LLP**
705 Second Avenue, Suite 1200
Seattle, Washington 98104
Tel: (206) 682-6711
msubit@frankfreed.com
* - *Pro hac vice application forthcoming*

Joint Rule 26(f) Report

Page 9
164055496.1

**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100

|   |   |
|---|---|
| 1 | *Attorneys for Plaintiffs, Class, and Collective Members* |
| 2 | |
|   | FOX ROTHSCHILD, LLP |
| 3 | *s/ James E. Breitenbucher* |
|   | James E. Breitenbucher, WSBA #27670 |
| 4 | 1001 Fourth Avenue, Suite 4400 |
|   | Seattle, WA 98154 |
| 5 | Telephone:  206.624.3600 |
|   | Facsimile:  206.389.1708 |
| 6 | Email:  jbreitenbucher@foxrothschild.com |
| 7 | *s/ Nikki H. Howell* |
|   | Nikki H. Howell (pro hac vice) |
| 8 | Nicholas J. Walker (pro hac vice) |
|   | 4900 Main Street, Suite 150 |
| 9 | Kansas City, MO 64112 |
|   | Telephone:  816.919.7900 |
| 10 | Facsimile:  816.919.7901 |
|   | Email:  nhowell@foxrothschild.com |
| 11 |             nwalker@foxrothschild.com |
| 12 | *Attorneys for Defendant Betacom Holdings Inc and Betacom Incorporated* |

Joint Rule 26(f) Report

Page 10

164055496.1

**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100