The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| LMAR LAY, Individually and for Others Similarly Situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>BETACOM HOLDINGS, INC., a Washington for-profit corporation, and BETACOM INCORPORATED, a Florida for-profit corporation,<br><br>        Defendant. | Case No: 2:24-cv-001195-RSM<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR FLSA SETTLEMENT APPROVAL**<br><br>Noting Date:  August 20, 2025 |

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

## TABLE OF CONTENTS

1.    Introduction ................................................................................................................1

2.    Factual and Procedural History. .................................................................................1

3.    Summary of the Settlement Terms .............................................................................2

    A.    Gross Settlement Amount .......................................................................................2

    B.    Payments to the Settlement Plaintiffs ....................................................................2

    C.    Service Award .........................................................................................................3

    D.    Notice & Claims Procedure ....................................................................................3

    E.    Release ....................................................................................................................3

    F.    Attorneys' Fees and Litigation Costs .....................................................................4

4.    The Court Should Approve the Parties' Settlement. ..................................................4

    A.    A Bona Fide Dispute Exists Between the Parties ...................................................5

    B.    The Settlement is Fair and Reasonable ..................................................................6

        i.    Plaintiff's possible recovery favors settlement. ...............................................6

        ii.    The stage of proceedings and amount of discovery completed favors settlement. ..................7

        iii.    The Action involved significant risk and costly further litigation. ..................8

        iv.    The scope of release favors settlement. ............................................................9

        v.    Experience and Views of Counsel and Opinion of the Participating Plaintiff. ....................10

        vi.    There is no fraud or collusion. ........................................................................10

    C.    The Service Award and attorneys' fees and costs are reasonable. .......................11

5.    Conclusion ...............................................................................................................15

PLAINTIFF'S UNOPPOSED MOTION FOR FLSA
SETTLEMENT APPROVAL – Page ii

2:24-cv-001195-RSM
175681580.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

1

2                                    TABLE OF AUTHORITIES

                                                                                          Page(s)
3    Cases

4    *Carter v. Anderson Merchandisers, LP,*
5        2010 WL 1946784 (C.D. Cal. May 11, 2010) ................................................. 10
     *Chery v. Tegria Holdings LLC,*
6        2024 WL 3730981 (W.D. Wash. July 31, 2024) .............................................. 6
     *City P'ship Co. v. Atl. Acquisition Ltd. P'shp.,*
7        100 F.3d 1041 (1st Cir. 1996) ....................................................................... 11
     *Class Plaintiffs v. City of Seattle,*
8        955 F.2d 1268 (9th Cir. 1992) ....................................................................... 9
9    *Dunn v. Teachers Ins. & Annuity Ass'n of Am.,*
         2016 WL 153266 (N.D. Cal. Jan. 13, 2016) .................................................. 4
10   *Dunne v. Quantum Residential Inc.,*
         2025 WL 896741 (W.D. Wash. Mar. 24, 2025) ............................................. 12
11   *Garcia v. Gordon Trucking, Inc.,*
         2012 WL 5364575 (E.D. Cal. Oct. 31, 2012) ................................................ 12
12   *Gonzalez v. Fallanghina, LLC,*
         2017 WL 1374582 (N.D. Cal. Apr. 17, 2017) ................................................ 5
13   *Grewe v. Cobalt Mortg., Inc.,*
14       No. C16-0577- JCC, 2016 WL 4014114 (W.D. Wash. July 27, 2016) ......... 5
     *Gutierrez v. E&E Foods,*
15       2023 WL 9533758 (W.D. Wash. June 1, 2023) ............................................. 7
     *In re Animation Workers Antitrust Litig.,*
16       2016 WL 6663005 (N.D. Cal. Nov. 11, 2016) .............................................. 14
     *In re AutoZone, Inc., Wage & Hour Employment Practices Litig.,*
17       289 F.R.D. 526 (N.D. Cal. 2012) ................................................................. 8
18   *In re Mego Fin. Corp. Sec. Litig.,*
         213 F.3d 454 (9th Cir.2000) ......................................................................... 7
19   *In re Online DVD-Rental Antitrust,*
         779 F.3d 934 (9th Cir. 2015) ......................................................................... 11
20   *In re Washington Pub. Power Supply Sys. Sec. Litig.,*
         19 F.3d 1291 (9th Cir. 1994) ......................................................................... 11
21   *Jennings v. Open Door Mktg., LLC,*
22       2018 WL 4773057 (N.D. Cal. Oct. 3, 2018) .............................................. 5, 7
     *Kilbourne v. Coca-Cola Co.,*
23       2015 WL 5117080 (S.D. Cal. July 29, 2015) ................................................ 8
     *Linney v. Cellular Alaska P'ship,*
24       151 F.3d 1234 (9th Cir.1998) ....................................................................... 7
     *Lynn's Food Stores, Inc. v. United States,*
25       679 F.2d 1350 (11th Cir. 1982) .................................................................... 5
     *Madrid v. teleNetwork Partners,* LTD.,
26       2019 WL 3302812 (N.D. Cal. July 23, 2019) ............................................... 5

27

28

*McClure v. Waveland Servs., Inc.,*
  2021 WL 5204151 (E.D. Cal. Nov. 9, 2021) ........................................................4
*Milburn v. PetSmart, Inc.,*
  2019 WL 1746056 (E.D. Cal. Apr. 18, 2019) ..................................................... 12
*Ontiveros v. Zamora,*
  303 F.R.D. 356 (E.D. Cal. Oct. 8, 2014) ........................................................... 13
*Otey v. CrowdFlower, Inc.,*
  2015 WL 6091741 (N.D. Cal. Oct. 16, 2015) .................................................. 4, 5
*Reyn's Pasta Bella, LLC v. Visa USA, Inc.,*
  442 F.3d 741 (9th Cir. 2006) ..............................................................................9
*Rodriguez v. West Pul'g Corp.,*
  563 F. 3d 948 (9th Cir. 2009) ........................................................................... 13
*Salamanca v. Sprint/United Mgmt. Co.,*
  2018 WL 1989568 (N.D. Cal. Mar. 9, 2018) ..................................................... 14
*Selk v. Pioneers Mem'l Healthcare Dist.,*
  159 F. Supp. 3d 1164 (S.D. Cal. Jan. 29, 2016) ..................................... 9, 11, 12
*Slezak v. City of Palo Alto,*
  2017 WL 2688224 (N.D. Cal. June 22, 2017) .................................................... 10
*Staton v. Boeing Co.,*
  327 F.3d 938 (9th Cir. 2003) ............................................................................ 13
*Tuttle v. Audiophile Music Direct, Inc.,*
  2023 WL 8891575 (W.D. Wash. Dec. 26, 2023) ............................................... 14
*Villafan v. Broadspectrum Downstream Servs.,*
  2020 WL 6822908 (N.D. Cal. Nov. 20, 2020) ................................................ 8, 12
*Vizcaino v. Microsoft Corp.,*
  290 F.3d 1043 (9th Cir. 2002) .......................................................................... 11
*Wolinsky v. Scholastic, Inc.,*
  900 F.Supp.2d 332 (S.D.N.Y. 2012) ................................................................. 11
*York v. Starbucks Corp.,*
  2011 WL 8199987 (C.D. Cal. Nov. 23, 2011) .....................................................8

Statutes

29 U.S.C. § 216(b) ................................................................................... 4, 11

PLAINTIFF'S UNOPPOSED MOTION FOR FLSA
SETTLEMENT APPROVAL – Page iv

2:24-cv-001195-RSM
175681580.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

1. **Introduction**

Plaintiff Lmar Lay ("Lay" or "Plaintiff") requests an Order granting approval of this Fair Labor Standards Act (FLSA) settlement. *See* Exhibit 1, Settlement Agreement. The settlement, which followed a thorough investigation, satisfies the criteria for approval of an FLSA settlement because it resolves a bona-fide dispute, was reached after in-depth investigation and review of documentary evidence and payroll data, was the result of arm's-length settlement negotiations between experienced counsel and provides excellent recovery to the Plaintiff and the Collective Members. If approved, the Settlement will provide guaranteed compensation for current and former employees of Betacom. Following approval of the Settlement, Notice of the Settlement will be sent to all Settlement Plaintiffs so that they may sign a consent to join this case and receive their settlement check.

Plaintiff respectfully requests the Court enter an order granting approval of the terms of the Settlement Agreement and dismissing the lawsuit with prejudice.

2. **Factual and Procedural History.**

Lay filed this class and collective action on August 6, 2024, alleging Defendants violated the Fair Labor Standards Act ("FLSA") and Massachusetts Wage and Hour Law ("MWHL"). Doc. 1. In his complaint, Lay alleged that Betacom implemented two illegal policies including (1) automatically deducting time worked for "meal periods," even though its employees were required to work through lunch; and (2) failing to include per diem payments in its employees' regular rates of pay for overtime purposes. As a result of these policies, Lay alleged Betacom failed to pay him and other employees overtime at the proper premium rate when they worked more than 40 hours in a work week. Lay sought to bring his FLSA claims on behalf of:

> All hourly employees of the Betacom Entities who were subject to their (1) meal deduction policy and/or (2) per diem pay scheme at any time in the past 3 years ("FLSA Collective Members").

PLAINTIFF'S UNOPPOSED MOTION FOR FLSA
SETTLEMENT APPROVAL – Page 1

2:24-cv-001195-RSM
175681580.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

Doc. 1 at ¶ 30. Lay's Complaint sought recovery of overtime wages, attorneys' fees and costs, interests, and liquidated damages. Betacom has at all times denied, and continues to deny, these allegations and disputes that it violated any law, and raises affirmative defenses, including assertions that (1) the hourly employees did not perform compensable work during their meal breaks, (2) Plaintiffs were paid all compensation due, (3) Defendant acted in good faith, and (4) Defendant did not willfully or intentionally violate the FLSA. *See, e.g.*, Dkt. 17. Defendant further asserted this Action was not appropriate for collective treatment. *Id.* at ¶ 5.

On May 14, 2025, the Parties attended mediation with experienced wage and hour mediator Frank Neuner and were able to reach an agreement in principle. *See* Ex. 1. Pursuant to the terms of the Settlement Agreement, the Parties agreed to resolve this matter on a claims-made basis pursuant to the FLSA.

**3.    Summary of the Settlement Terms.**

**A.  Gross Settlement Amount**

The Settlement Agreement establishes a Gross Settlement Amount of $1,200,000, which consists of (1) the negotiated settlement payments for distribution to Lay and the Settlement Plaintiffs; (2) Lay's Service Award; (3) the costs of the Settlement Administrator; and (4) a separately negotiated award of attorneys' fees and costs. Ex. 1 at ¶ 3.

**B.  Payments to the Settlement Plaintiffs**

A net settlement amount of $756,000[1] will go to the Settlement Plaintiffs on a pro rata basis based on their unpaid overtime allegedly owed. *See* Ex. 1 at ¶¶ 2-3. Each of the Eligible Settlement Plaintiffs will be mailed a Settlement Packet, consisting of the Settlement Notice and Opt-In Consent Form (attached hereto as Exhibit 2) which will state their total settlement allocation. Ex. 2

---

[1] The Settlement Agreement originally provided for a Net Settlement Amount of $676,000 to the Settlement Plaintiffs. Ex. 1 at ¶ 3. Thereafter, Plaintiffs' Counsel reduced their fees, creating a new Net Settlement Amount of $756,000.

PLAINTIFF'S UNOPPOSED MOTION FOR FLSA
SETTLEMENT APPROVAL – Page 2

2:24-cv-001195-RSM
175681580.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

at 2. Each Settlement Plaintiff who timely returns a Claim Form will be issued two settlement checks. The first check will comprise 50% of the total allocation, and shall consist of back wages, from which taxes will be withheld and for which a W-2 form will be issued. Ex. 1 at ¶ 2. The second check will comprise 50% of the total allocation, and shall consist of liquidated damages, for which a Form 1099 will be issued. *Id.*

### C. Service Award

Lay will receive a Service Award of up to $10,000 as adequate consideration for execution of a separate general release. Ex. 1 at ¶¶ 3, 7. The Service Award will be paid in addition to the Settlement Check owed to Lay.

### D. Notice & Claims Procedure

Within 14 days of the Approval Order, Betacom will produce a class list, including names, addresses or last known addresses, email addresses, phone numbers, and social security numbers to the third-party Settlement Administrator, CPT Group, and to Plaintiffs' Counsel. *See* Ex. 1 at ¶ 4. Within 28 days of the Approval Order, the Settlement Administrator will send the agreed Notice and Opt-In Consent Forms (Ex. 2) to the Eligible Settlement Plaintiffs. Ex. 1 at ¶ 4. The Eligible Settlement Plaintiffs will then have 90 days to return a signed Opt-In Consent Form via mail, email, or facsimile.[2] Ex. 1 at 1. Each Eligible Settlement Plaintiff who timely returns a Claim Form will be sent their Settlement checks. Ex. 1 at ¶ 12. The Settlement checks will remain valid for one hundred twenty (120) days from the date of the check. *Id.*

### E. Release

Lay, in exchange for his Service Award, shall execute a general release of claims against Betacom and its related entities. Ex. 1 at ¶ 7. Each Settlement Plaintiff who timely returns an Opt-In

---

[2] If any mailed notice is returned as undeliverable, the Eligible Settlement Plaintiff will have 45 days from the date of any re-mailing of the Notice to submit their claim form. Ex. 1 at 1.

Consent Form, shall release Betacom and its related entities from all wage and hour claims, causes of actions, demands, damages, attorneys' fees, costs, loss of wages, interest, including but not limited to those that arose or are in any way related to improper classification, failure to pay wages, failure to pay for meal/rest breaks, failure to pay overtime and/or premium rates, failure to provide timely and accurate wage notices, failure to provide timely and accurate wage statements, or otherwise relate to scheduling, payment of wages and/or overtime, and failure to timely pay wages, and any other relief permitted to be recovered on, related to, or in any way growing out of any claims in the Lawsuit. Ex. 1 at ¶ 8(a).

### F. Attorneys' Fees and Litigation Costs

Under the Settlement Agreement and as negotiated, Plaintiffs' Counsel will receive $400,000[3] as attorneys' fees, plus reimbursement of up to $19,000,[4] which represents reasonable out-of-pocket costs and expenses incurred in litigating and resolving this matter and the continued work obtaining the approval of this Settlement Agreement. *See* Ex. 1, at ¶ 3.

### 4. The Court Should Approve the Parties' Settlement.

The FLSA says "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee ... affected in the amount of unpaid wages, or their unpaid overtime compensation, as the case may be ...." 29 U.S.C. § 216(b). In the FLSA context, court approval is required for FLSA collective settlements, but the Ninth Circuit has not established the criteria that a district court must consider in determining whether an FLSA settlement warrants approval. *See, e.g., Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D.

---

[3] The Settlement Agreement provides for separately-negotiated attorneys' fees of $480,000, or 40% of the Gross Settlement Amount. Ex. 1 at ¶ 3. Plaintiffs' Counsel has since reduced their fees to 33.33% of the Gross Settlement Amount and now seeks only $400,000.

[4] In addition to being entitled to reasonable attorneys' fees, the FLSA provides for the reimbursement of costs. *See* 29 U.S.C. § 216(b); *McClure v. Waveland Servs., Inc.*, No. 2:18-CV-01726-KJM-AC, 2021 WL 5204151, at *5 (E.D. Cal. Nov. 9, 2021) (noting that "courts frequently approve reimbursement for such costs" including travel, mediation fees, photocopying, and delivery and mail charges).

PLAINTIFF'S UNOPPOSED MOTION FOR FLSA
SETTLEMENT APPROVAL – Page 4

2:24-cv-001195-RSM
175681580.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

Cal. Jan. 13, 2016); *Otey v. CrowdFlower, Inc.*, No. 12-CV-055524-JST, 2015 WL 6091741, at *4 (N.D. Cal. Oct. 16, 2015). Most courts in this Circuit, however, evaluate the settlement under the standard established by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), which requires the settlement to constitute "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Otey*, 2015 WL 6091741 at *4; *Greve v. Cobalt Mortg., Inc.*, No. C16-0577- JCC, 2016 WL 4014114 (W.D. Wash. July 27, 2016).

The terms of the Settlement are fair and reasonable and in the best interests of all parties. All of the requirements and standards for approval have been met or exceeded. Thus, the Parties submit that approval is warranted. Further, risks exist as they relate to certification of the multiple classes, overcoming attempted decertification, and surviving an inevitable appeal. Indeed, substantial risks and uncertainties were present from the outset of this case that made it far from certain that any relief for the Eligible Settlement Plaintiffs would be obtained.

### A. A Bona Fide Dispute Exists Between the Parties

"A bona fide dispute exists when there are legitimate questions about the existence and extent of the defendant's FLSA liability." *Jennings v. Open Door Mktg., LLC*, No. 15-CV-4080-KAW, 2018 WL 4773057, at *4 (N.D. Cal. Oct. 3, 2018) (quoting *Gonzalez v. Fallanghina, LLC*, No. 16-cv-01832-MEJ, 2017 WL 1374582, at *2 (N.D. Cal. Apr. 17, 2017)). "That is, there must be some doubt whether the plaintiffs will be able to succeed on the merits of their FLSA claims." *Madrid v. teleNetwork Partners, LTD.*, No. 5:17-cv-04519-BLF, 2019 WL 3302812, at *3 (N.D. Cal. July 23, 2019).

The Agreement resolves a bona fide dispute. In the instant case, the Parties contested the claims and defenses asserted. Plaintiff alleged that Eligible Settlement Plaintiffs were denied overtime compensation at the proper premium rate for all hours worked as required by the FLSA. For its part, Betacom argued that it lawfully paid each of these individuals and that if any off the clock work did occur, such work was *de minimus* and not compensable under the FLSA. Further, Betacom argued that,

PLAINTIFF'S UNOPPOSED MOTION FOR FLSA
SETTLEMENT APPROVAL – Page 5

2:24-cv-001195-RSM
175681580.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

even if it did violate the FLSA, any violation was undertaken in good faith and was not a result of willful misconduct.

This case only settled after extensive arms-length negotiations with the help of an experienced mediator. The settlement process included extensive informal discovery, data review, calculations of damages, and negotiations. And if the case had not settled, there would be extensive work to come, including dispositive motions, depositions, associated discovery disputes, questions regarding applicability of the FLSA, good faith, willfulness, certification (and potential decertification), pretrial motions, trial, and appellate issues. The Parties therefore engaged in significant work, recognized and appreciated the risks in proceeding if this case were not settled, and recognized that their Settlement represented a compromise of the range and certainty of their damages. Exhibit 3, Declaration of Andrew Dunlap, at ¶¶ 38-39. Throughout the litigation, Betacom denied the material facts and any violation of the FLSA (and any state law claims) and vigorously defended its position. These facts demonstrate a bona fide dispute between the Parties.

**B.  The Settlement is Fair and Reasonable**

In determining whether a settlement is fair and reasonable, courts consider: (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion. *Chery v. Tegria Holdings LLC*, No. C23-612-MLP, 2024 WL 3730981, at *3 (W.D. Wash. July 31, 2024).

       **i.**       **Plaintiff's possible recovery favors settlement.**

PLAINTIFF'S UNOPPOSED MOTION FOR FLSA
SETTLEMENT APPROVAL – Page 6

2:24-cv-001195-RSM
175681580.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

Under the Parties' Settlement Agreement, the Settlement Plaintiffs are entitled to a Net Settlement Amount of $756,000.[5]  According to Plaintiffs' Counsel's damages model, the Settlement Plaintiffs are entitled to $724,215.61 in back wage damages under the FLSA. Ex. 3, Dunlap Dec. at ¶¶ 29, 32-33. Thus, the Net Settlement Amount achieves a 104% recovery of the Settlement Plaintiffs' back wages. *Id.* This is an excellent outcome for each of the Settlement Plaintiffs, who are all guaranteed minimum payments under the Settlement Agreement. *See Gutierrez v. E&E Foods*, No. 2:21-CV-682, 2023 WL 9533758, at *2 (W.D. Wash. June 1, 2023) (approving FLSA settlement where the Plaintiffs' recovery was approximately 84% of their back wages). Thus, this factor favors settlement approval.

> ii.    **The stage of proceedings and amount of discovery completed favors settlement.**

The stage of the proceedings and the extent of discovery favor approval. Prior to settlement, the Parties engaged in extensive formal and informal discovery; reviewed thousands of pay and time records for the putative class; and worked together to resolve various complex, disputed issues, such as issues regarding damage calculations, amount of time worked, and regular rete calculations. So long as the parties have "sufficient information to make an informed decision about settlement," this factor will weigh in favor of approval. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir.1998); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir.2000) (explaining that a combination of investigation, discovery, and research conducted prior to settlement can provide sufficient information for class counsel to make an informed decision about settlement).

The Parties had engaged in the discovery process, all the while carefully crafting negotiations and settlement talks. The settlement is the result of extensive pre-suit investigation by Plaintiffs' counsel, formal and informal discovery into Defendants' position, and substantial negotiations

---

[5] The Settlement Agreement originally provided for a Net Settlement Amount of $676,000 to the Settlement Plaintiffs. Ex. 1 at ¶ 3. Thereafter, Plaintiffs' Counsel reduced their fees, creating a new Net Settlement Amount of $756,000.

PLAINTIFF'S UNOPPOSED MOTION FOR FLSA
SETTLEMENT APPROVAL – Page 7

2:24-cv-001195-RSM
175681580.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

between both Parties' counsel. The Parties had a good understanding of the merits of their positions by the time of the negotiations, which led to the settlement reached. *See* Dunlap Decl. ¶ 9.

### iii. The Action involved significant risk and costly further litigation.

Courts will approve an FLSA settlement when there is a significant risk that litigation could result in a lower recovery or no recovery at all. *See Jennings v. Open Door Mktg., LLC*, No. 15-CV-04080-KAW, 2018 WL 4773057, at *5 (N.D. Cal. Oct. 3, 2018). Several facts in this case potentially jeopardize Plaintiff's recovery should this case have proceeded to trial, including Defendants' written employment policies and Plaintiffs' potential inability to prove that they performed compensable work off the clock. Lay contends he has strong wage-and-hour claims that are chiefly rooted in a centralized policy that Eligible Settlement Plaintiffs' meal and break periods would be unpaid, but that Settlement Plaintiffs are required to remain on-duty during such unpaid meal periods. Lay continues to believe he has a strong case, but is also pragmatic in his awareness of the risks inherent in this litigation, particularly where there are over 600 Eligible Settlement Plaintiffs that worked in different roles. *See* Ex. 3, Dunlap Decl. at ¶ 38. This is particularly true where Defendant has at all times denied any and all liability and has contended that all of its practices and policies were legally compliant. Off-the-clock claims are difficult to certify for class treatment, given that the nature, cause, and amount of the off-the-clock work may vary based on the individualized circumstances of the worker. *See, e.g., Villafan v. Broadspectrum Downstream Servs.*, No. 18-cv-06741-LB, 2020 WL 6822908, at *6 (N.D. Cal. Nov. 20, 2020) (citing *In re AutoZone, Inc., Wage & Hour Employment Practices Litig.*, 289 F.R.D. 526, 539 (N.D. Cal. 2012), *aff'd*, No. 17-17533, 2019 WL 4898684 (9th Cir. Oct. 4, 2019)); *Kilbourne v. Coca-Cola Co.*, No. 14-cv-984-MMA BGS, 2015 WL 5117080, at *1 (S.D. Cal. July 29, 2015); *York v. Starbucks Corp.*, No. CV 08-07919 GAF PJW, 2011 WL 8199987, at *30 (C.D. Cal. Nov. 23, 2011).

Likewise, Plaintiffs would have faced the risks of establishing Betacom's per diem policy was improperly excluded from the Class Members' regular rates of pay. Although Lay asserts the per diems were paid daily and were thus wages tied to hours worked, Betacom's written policy provides that the

PLAINTIFF'S UNOPPOSED MOTION FOR FLSA
SETTLEMENT APPROVAL – Page 8

2:24-cv-001195-RSM
175681580.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

per diems are only paid when its employees spend a night out of town as reasonable reimbursement for work-related expenses (and thus, are properly excluded from the regular rate). Thus, whether the per diems were properly excluded from the Class Members' regular rates of pay posed a real risk to both parties.

The monetary value of the proposed Settlement represents a fair compromise given the risks and uncertainties posed by continued litigation. Dunlap Dec. at ¶¶ 38-39. If the Action were to go to trial as a class and collective action (which Defendant would vigorously oppose if this Settlement were not approved), litigating the class and collective action claims would require substantial additional preparation and extensive formal discovery. *Id.* at ¶ 40. It would require depositions of experts, the presentation of percipient and expert witnesses at trial, as well as the consideration, preparation, and presentation of voluminous documentary evidence and the preparation and analysis of expert reports. *Id.* In contrast to litigating this suit, resolving this case by means of Settlement will yield a prompt, certain, and substantial recovery for the Class Members. *Id.* Such a result will benefit the Parties and the court system. *Id.* at ¶ 41.

### iv.     The scope of release favors settlement.

Courts review the scope of any release provision in a FLSA settlement to ensure that class members are not pressured into forfeiting claims, or waiving rights, unrelated to the litigation. *Selk v. Pioneers Mem'l Healthcare Dist.,* 159 F. Supp. 3d 1164, 1178 (S.D. Cal. 2016); *See also McKeen–Chaplin,* 2012 WL 6629608, at *5 (rejecting FLSA settlement in part because release provision went beyond the breadth of allegations in the action and released unrelated claims that plaintiffs may have against defendants). However, when a district court in the Ninth Circuit approves an FLSA collective action settlement, it may approve a release of any claims sufficiently related to the current litigation. *See Selk*, 159 F.Supp.3d at 1178–79; *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287–89 (9th Cir. 1992)).

PLAINTIFF'S UNOPPOSED MOTION FOR FLSA
SETTLEMENT APPROVAL – Page 9

2:24-cv-001195-RSM
175681580.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

Under the Parties' Settlement Agreement, the Settlement Plaintiffs will release only wage and hour claims, including those related to "improper classification, failure to pay wages, failure to pay for meal/rest breaks, failure to pay overtime and/or premium rates, failure to provide timely and accurate wage notices, failure to provide timely and accurate wage statements, or otherwise relate to scheduling, payment of wages and/or overtime, and failure to timely pay wages[.]" Ex. 1 at 8(a). They are not subject to a general release, nor will they waive any non-wage-and-hour claims. *Id.* The release is limited to causes of action "growing out of any claims in the Lawsuit regarding events that occurred or are alleged to have occurred" during the relevant time period. *Id.* Thus, the scope of the release is sufficiently related to the current litigation and favors settlement.

### v.    Experience and Views of Counsel and Opinion of the Participating Plaintiff.

Where counsel is well-qualified to represent the class and collective in settlement negotiations, based on their extensive class action experience and familiarity with the strengths and weaknesses of the case, courts find this factor to support a finding of fairness. *Wren v. RGIS Inventory Specialists*, 2011 WL 1230826, at *10; *Carter v. Anderson Merchandisers, LP*, No. EDCV 08-0025-VAP OPX, 2010 WL 1946784, at *8 (C.D. Cal. May 11, 2010) ("Counsel's opinion is accorded considerable weight.").

In reaching this Settlement, Plaintiffs' Counsel relied on their substantial litigation experience in similar wage and hour class and collective actions. *See* Ex. 3, Dunlap Decl. at ¶¶ 3-15, 44. Plaintiffs' Counsel used their skill and expertise in performing liability and damages evaluations that were premised on a careful and extensive analysis of the effects of Defendant's timekeeping and compensation policies and practices. *Id.* at ¶¶ 25-26. Ultimately, the Parties used this information and informal discovery to fairly resolve the litigation for $1,200,000. Plaintiffs' Counsel believe that Lay has achieved a strong settlement for the Class in light of all the risks. *Id.* at ¶¶ 38-40.

### vi.    There is no fraud or collusion.

Finally, there is no evidence of fraud or collusion in this case. The Parties achieved this settlement through arms-length negotiations with the assistance of a wage and hour mediator after lengthy settlement negotiations.  *See Slezak v. City of Palo Alto*, No. 16-CV-03224-LHK, 2017 WL 2688224, at *5 (N.D. Cal. June 22, 2017) ("The likelihood of fraud or collusion is low here because the [s]ettlement was reached through arm's-length negotiations, facilitated by an impartial mediator."). At all times, the Parties' negotiations have been adversarial and Settlement was only achieved after extensive data analysis and damage calculations.  *City P'ship Co. v. Atl. Acquisition Ltd. P'shp.*, 100 F.3d 1041, 1043 (1st Cir. 1996) ("When sufficient discovery has been provided and the parties have bargained at arms-length, there is a presumption in favor of the settlement."). Thus, this favor weighs in favor of settlement approval.

### C. The Service Award and attorneys' fees and costs are reasonable.

In an FLSA action, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or the plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Selk*, 159 F.Supp.3d at 1180 (quoting *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012)). In the Ninth Circuit, the district court has discretion in common fund cases to choose either the percentage-of-the-fund or the lodestar method. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). "[N]o presumption in favor of either the percentage or the lodestar method encumbers the district court's discretion to choose one or the other." *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994). Under the percentage-of-the-fund approach, the Ninth Circuit has generally set a 25% benchmark for the award of attorneys' fees in common fund cases. (*Vizcaino*, 290 F.3d at 1047-48; *see also In re Bluetooth*, 654 F.3d at 942 ("[C]ourts typically calculate 25 percent of the fund as the

PLAINTIFF'S UNOPPOSED MOTION FOR FLSA
SETTLEMENT APPROVAL – Page 11

2:24-cv-001195-RSM
175681580.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure.")) Reasons to vary the benchmark award may be found when counsel achieves exceptional results for the class, undertakes "extremely risky" litigation, generates benefits for the class beyond simply the cash settlement fund, or handles the case on a contingency basis. (*Vizcaino*, 290 F.3d at 1048-50; *see also In re Online DVD-Rental Antitrust Ltig.*, 779 F.3d 934, 954-55 (9th Cir. 2015).) Ultimately, however, "[s]election of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case.").

Here, the Parties agreed to attorneys' fees of 40% of the Gross Settlement Amount, or $480,000, and costs of up to $19,000. Ex. 1 at ¶ 3. However, Plaintiffs' Counsel has since reduced their fees to 33.33%, or $400,000. Ex. 3 at ¶ 35. This 33.33% is consistent with awards allowed in similar cases. *See Dunne v. Quantum Residential Inc.*, No. 3:23-CV-05535-DGE, 2025 WL 896741, at *2 (W.D. Wash. Mar. 24, 2025) (approving 40% attorneys' fees); *Selk*, 159 F. Supp. 3d at 1180 (approving attorneys' fees and costs award of $22,000 in a settlement of a FLSA collective action, which was 44% of the total settlement amount); *Milburn v. PetSmart, Inc.*, No. 1:18-CV-00535-DAD-SKO, 2019 WL 1746056, at *11 (E.D. Cal. Apr. 18, 2019) (approving 33.3% at preliminary approval); *Garcia v. Gordon Trucking, Inc.*, 2012 WL 5364575 (E.D. Cal. Oct. 31, 2012) (approving fees in the amount of 33% of the common fund). This upward variation of the 25% benchmark is warranted given the exceptional results for the Settlement Plaintiffs, who stand to recover 104% of their total back wages; the risks Plaintiffs' Counsel undertook in handling this case on a contingency basis (Ex. 3 at ¶¶ 29, 36); and the risks inherent in litigating off-the-clock allegations. *See Villafan*, 2020 WL 6822908 at *6.

As explained *supra*, the recovery on behalf of the Settlement Plaintiffs is exceptional. The Settlement achieved 104% of the total back wages due to the putative class members, as calculated by Plaintiffs' Counsel.Further, the Settlement is on a claims-made basis, so that only those Settlement

PLAINTIFF'S UNOPPOSED MOTION FOR FLSA
SETTLEMENT APPROVAL – Page 12

2:24-cv-001195-RSM
175681580.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

1    Plaintiffs who choose to return an Opt-In Claim Form will waive their FLSA claims. Finally, the

2    Settlement ensures that the Settlement Plaintiffs will receive a sum certain in lieu of costly and time-

3    consuming litigation. This excellent recovery provides substantial value to each Settlement Plaintiff

4    who chooses to participate. Moreover, the attorneys' fees are justified by the substantial risks Plaintiffs'

5    Counsel undertook in proceeding with this litigation. This case was handled on a contingency basis,

6    with Plaintiffs' Counsel fronting all case costs and expenses with no guarantee of recovery. This case

7    posed substantial litigation risks inherent in off-the-clock cases; for example, the risk that Plaintiff's

8    claim would not be conditionally certified, or that Defendant would succeed on its good faith and

9    willfulness defenses. Further, this case posed the substantial risk that the Court would find Betacom's

10   per diems were properly paid as reimbursement for work-related expenses (and thus, did not need to

11   be included in the regular rate of pay). The result obtained by Plaintiffs' Counsel in spite of all the

12   attendant risks of litigation justifies an upward variance of the benchmark and favors settlement

13   approval.

14

15          The Parties also request reimbursement of Plaintiff's Counsels litigation costs of up to $19,000

16   incurred in litigating this matter. Ex. 1 at ¶ 3. To date, Plaintiffs' Counsel has incurred $18,866.03 in

17   reasonable costs and expenses in litigating this matter. These costs were necessary for the prosecution

18   of Lay's claims and reflect the costs typically associated with litigating these types of claims. Counsel's

19   costs include expenses such as filing fees, travel expenses, mediation costs, postage, and data analysis.

20   Ex. 3 at ¶ 37.  Such expenses are reasonable and routinely approved by Courts. *See Ontiveros v.*

21   *Zamora,* 303 F.R.D. 356, 375 (E.D. Cal. Oct. 8, 2014) ("There is no doubt that an attorney who has

22   created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation

23   expenses from that fund."). Accordingly, the Court should approve the requested attorneys' fees and

24   costs.

25

26

27

28   PLAINTIFF'S UNOPPOSED MOTION FOR FLSA
     SETTLEMENT APPROVAL – Page 13

     2:24-cv-001195-RSM
     175681580.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

Likewise, the Court should approve the service award agreed to by the Parties. Class representatives such as Plaintiff are eligible for reasonable incentive payments. *See Staton v. Boeing Co.*, 327 F. 3d 938, 977 (9th Cir. 2003); *Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356-JLR, Dkt. #182 (W.D. Wash. Oct. 25, 2019). The purpose of such awards is compensating these persons "for work done on behalf of the class [and] make up for financial or reputational risk undertaken in bringing the action…" *Rodriguez v. West Pul'g Corp.*, 563 F. 3d 948, 958-59 (9th Cir. 2009). Here, subject to the Court's approval, the Service Award of up to $10,000 for Plaintiff is intended to compensate him for the critical role he played in this litigation, and the time, effort, and risks undertaken in helping secure the result obtained on behalf of the Settlement Plaintiffs.

The requested service award is also reasonable in light of the significant reputational risk Plaintiff took by publicly affiliating himself with litigation against his employer. Notwithstanding these risks, Plaintiff has remained an active part of the litigation and saw it through to its excellent outcome, while agreeing to a general release of all claims. This substantial sacrifice supports the service award sought here. *See Washburn v. Porsche Cars N. Am., Inc.*, No. 2:22-CV-01233-TL, 2025 WL 1017983, at *11 (W.D. Wash. Apr. 4, 2025) (approving service award of $10,000); *Tuttle v. Audiophile Music Direct, Inc.*, No. C22-1081JLR, 2023 WL 8891575, at *16 (W.D. Wash. Dec. 26, 2023) (same); *In re Animation Workers Antitrust Litig.*, No. 14-CV-4062-LHK, 2016 WL 6663005, at *9 (N.D. Cal. Nov. 11, 2016) (same). Further, the service award serves as consideration for Lay's execution of a broader general release against Betacom. *See Salamanca v. Sprint/United Mgmt. Co.*, No. 15-CV-05084-JSW, 2018 WL 1989568, at *4 (N.D. Cal. Mar. 9, 2018) (finding an additional $10,000 payment reasonable in light of the execution of a broader general release than the rest of the class). Thus, the Court should grant final approval of the requested service award and attorneys' fees and out-of-pocket costs as reasonable.

PLAINTIFF'S UNOPPOSED MOTION FOR FLSA
SETTLEMENT APPROVAL – Page 14

2:24-cv-001195-RSM
175681580.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

**5.    Conclusion**

For the foregoing reasons, Plaintiff respectfully requests the Court grant final approval of the Settlement Agreement and enter the accompanying Final Approval Order and Judgment.

I certify that this memorandum contains 4,652 words, in compliance with the Order Granting Leave to File an Overlength Motion.

Date: August 20, 2025                    Respectfully submitted,

**FRANK FREED SUBIT & THOMAS, LLP**

*/s/ Michael C. Subit*
Michael C. Subit, WSBA #29189
msubit@frankfreed.com
705 Second Ave., Suite 1200
Seattle, Washington 98104
Telephone: 206.682.6711

**JOSEPHSON DUNLAP, LLP**

*/s/ Andrew W. Dunlap*
Michael A. Josephson
mjosephson@mybackwages.com
Andrew W. Dunlap
adunlap@mybackwages.com
Alyssa White
awhite@mybackwages.com
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone: 713.352.1100

**BRUCKNER BURCH, PLLC**
Richard J. (Rex) Burch*
rburch@brucknerburch.com
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: 713.877.8788

PLAINTIFF'S UNOPPOSED MOTION FOR FLSA
SETTLEMENT APPROVAL – Page 15

2:24-cv-001195-RSM
175681580.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANDERSON ALEXANDER, PLLC**
William C. (Clif) Alexander*
clif@a2xlaw.com
Austin W. Anderson*
austin@a2xlaw.com
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Telephone: 361.452.1279
*Pro Hac Vice Applications Forthcoming

*Attorneys for Plaintiff and Collective Members*

PLAINTIFF'S UNOPPOSED MOTION FOR FLSA
SETTLEMENT APPROVAL – Page 16

2:24-cv-001195-RSM
175681580.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

## **CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with Counsel for Defendants prior to filing the instant Motion. Defendants do not oppose the relief sought herein.

*/s/ Andrew W. Dunlap*
Andrew W. Dunlap

PLAINTIFF'S UNOPPOSED MOTION FOR FLSA
SETTLEMENT APPROVAL – Page 17

2:24-cv-001195-RSM
175681580.1

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100